Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Christina Menzel*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CHRISTINA MENZEL, | : | |
| | : | |
| *Plaintiff*, | : | Case No. 24-cv-860 |
| | : | |
| v. | : | **COMPLAINT FOR COPYRIGHT** |
| | : | **INFRINGEMENT AND** |
| ROADGET BUSINESS PTE. LTD., a | : | **VIOLATIONS OF THE DIGITAL** |
| Singapore private limited company; | : | **MILLENNIUM COPYRIGHT** |
| ZOETOP BUSINESS CO., LIMITED, a | : | **ACT** |
| Chinese limited company; SHEIN US | : | |
| SERVICES, LLC, a Delaware limited | : | |
| liability company; FASHION DIRECT | : | |
| CORP., a Delaware corporation; | : | |
| FASHION CHOICE PTE. LTD., a | : | |
| Singapore private limited company; and | : | |
| SHEIN DISTRIBUTION | : | |
| CORPORATION, a Singapore | : | **JURY TRIAL DEMANDED** |
| corporation, | : | |
| | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

Plaintiff Christina Menzel ("Plaintiff" or "Ms. Menzel"), by and through her undersigned

attorneys, for her complaint against defendants Roadget Business Pte. Ltd. ("Roadget"); Zoetop

Business Co., Limited ("Zoetop"); Shein US Services, LLC ("SUS"); Fashion Direct Corp.

("Fashion Direct"); Fashion Choice Pte. Ltd. ("Fashion Choice"); and Shein Distribution

Corporation ("SDC") (collectively, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement, distribution of goods with missing and

altered copyright management information, and distribution of goods with false copyright

management information brought by an independent artist against a web of interrelated corporate

entities that do business in the United States and around the world as the fast fashion e-commerce

brands Shein, Romwe, and Emmacloth.

2.      Defendants, via their ownership of the Shein, Romwe, and Emmacloth brands and

their operation of the corresponding Shein, Romwe, and Emmacloth websites and mobile

applications, flood the market with thousands of cheap, infringing products with little regard for

the intellectual property rights of others.

3.      In the past five years alone, intellectual property owners have collectively filed

more than 100 infringement lawsuits against Defendants and/or their corporate affiliates and

predecessors, at a rate that far outpaces infringement lawsuits brought against similar companies.

Many more artists and copyright holders either have resolved or dropped potential infringement

claims against Defendants without ever filing suit, while others have never even learned that their

intellectual property was infringed in the first place.

4.      In a recent legal filing, Defendant Roadget, the holding company for the Shein,

Romwe, and Emmacloth brands and intellectual property, had the audacity to claim that "[t]he

success of the [Shein] brand inspires many copycats. Roadget regularly finds sellers on e-

commerce platforms selling goods bearing infringing copies of its copyrighted designs." In reality,

Defendants are some of the biggest sellers of goods bearing infringing copies of copyrighted

designs, and Defendants' financial success is due in no small part to this systematic intellectual property infringement.

5.     Plaintiff is one of many independent artists that have been and continue to be systematically targeted and exploited by Defendants' unlawful conduct. Specifically, Plaintiff has been forced to deal with Defendants' near constant infringement of her original artwork.

6.     Since February 2021, Defendants have displayed and sold at least 108 distinct products that infringe twelve of Plaintiff's original copyrighted designs.

7.     Plaintiff has been forced to spend hundreds of hours monitoring the Shein, Romwe, and Emmacloth websites and mobile applications for infringing copies of her original artwork and reporting the infringing products to Defendants' representatives, who then invariably apologize for the "inconvenience" and point the finger at "rogue" third-party suppliers.

8.     Defendants' rampant infringement is far more than an "inconvenience," however. Not only has the astounding scope and recurring nature of Defendants' theft taken a mental, physical, and emotional toll on Plaintiff, but it has made it virtually impossible for her to run her business or make a living as an independent artist. Defendants' constant sale of cheap, low-quality infringing copies of Plaintiff's artwork degrades the integrity and value of Plaintiff's original designs.

9.     Plaintiff seeks relief for Defendants' sale and display of these dozens of infringing products featuring unauthorized and infringing copies of twelve of her original copyrighted designs. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement, distribution of goods with missing and altered copyright management information, and distribution of goods with false copyright management information.

## PARTIES

10.    Plaintiff Christina Menzel is an individual living in Germany. Ms. Menzel owns the respective copyrights for the twelve original designs at issue in this suit. All of the designs at issue were first published in Germany and are foreign works as defined in the Copyright Act. *See* 17 U.S.C. § 104(b)(2). Accordingly, they are exempt from the requirements of 17 U.S.C. § 411(a). Nevertheless, Ms. Menzel has registered seven of these original designs with the U.S. Copyright Office prior to filing this complaint.

11.    Defendant Roadget is a private limited company organized under the laws of the country of Singapore. Roadget is the current owner of the Shein brand, the Shein trademark, the website located at shein.com (the "Shein Website"), and its corresponding mobile application (the "Shein Mobile App"). Roadget is also the current owner of the Romwe brand, the Romwe trademark, the website located at romwe.com (the "Romwe Website"), and its corresponding mobile application (the "Romwe Mobile App"). Roadget is also the current owner of the Emmacloth brand, the Emmacloth trademark, and the website located at emmacloth.com (the "Emmacloth Website").

12.    Defendant Zoetop is a Chinese limited company with its principal place of business in Hong Kong S.A.R. Upon information and belief, Zoetop owned the Shein, Romwe, and Emmacloth brands and intellectual property, as well as the Shein Website and Shein Mobile App, the Romwe Website and Romwe Mobile App, and the Emmacloth Website until December 30, 2021. Defendant Roadget replaced Zoetop as the legal entity owning the Shein, Romwe, and Emmacloth brands and intellectual property in late 2021. [1] Upon information and belief, Defendant

---

[1] *See* Chen Lin, EXCLUSIVE-Chinese fashion firm Shein on Singapore hiring spree as it shifts key assets there, Reuters, Feb. 16, 2022, https://www.reuters.com/article/shein-singapore-idCNL1N2UR09Q.

Roadget replaced Defendant Zoetop as the owner of the Shein Website and Shein Mobile App, the Romwe Website and Romwe Mobile App, and the Emmacloth Website on December 30, 2021.

13.    Defendant SUS is a limited liability company organized under the laws of the State of Delaware. SUS is Defendant Roadget's affiliate and licensee. Defendants Roadget and SUS together own and operate the Shein brand in the United States, including the Shein Website and Shein Mobile App.

14.    Defendant Fashion Direct is a corporation organized under the laws of the State of Delaware. Upon information and belief, Defendants Zoetop and Fashion Direct owned and operated the Shein brand in the United States, including the Shein Website and Shein Mobile App, prior to December 30, 2021.

15.    Defendant SDC is a corporation organized under the laws of the country of Singapore. SDC is Defendant Roadget's affiliate and licensee. Defendants Roadget and SDC together own and operate the Romwe brand in the United States, including the Romwe Website and Romwe Mobile App.

16.    Defendant Fashion Choice is a private limited company organized under the laws of the country of Singapore. Fashion Choice is Defendant Roadget's affiliate and licensee. Defendants Roadget and Fashion Choice together own and operate the Emmacloth brand in the United States, including the Emmacloth Website.

## JURISDICTION AND VENUE

17.    This matter is an action for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*., distribution of infringing goods with copyright management information removed, and distribution of infringing goods with false copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*.

18.     The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

19.     This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendants do systematic business in New York and in this District by displaying, offering for sale, targeting, advertising, and selling products to New York consumers through the Shein Website and Shein Mobile App, the Romwe Website and Romwe Mobile App, the Emmacloth Website, and various social media platforms. Defendants have also committed unlawful acts outside of New York that caused injury to Plaintiff within New York and this District; regularly do or solicit business in New York and this District; derive substantial revenue from goods used or services rendered in New York and this District; expect or reasonably should expect their infringing conduct to have consequences in New York and this District; and derive substantial revenue from interstate commerce in the United States.

20.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants committed unlawful acts of infringement in this District, Defendants' unlawful conduct resulted in damage to Plaintiff in this District, and Defendants do business here and are subject to personal jurisdiction here.

**FACTUAL BACKGROUND**

I.     **Ms. Menzel and her Original Designs**

21.     Ms. Menzel is a popular independent artist based in Germany who makes a living selling her original designs in the form of prints, stickers, key chains, t-shirts, and other original products to customers around the world. Ms. Menzel sells a variety of products featuring her original designs directly to consumers through her e-commerce website and online storefront, located at tiinamenzel.azoo.shop, and through various authorized third-party websites and

retailers. Known for her unique designs featuring anthropomorphic skeletons, often alongside cats and flowers, Ms. Menzel has a devoted base of fans and customers. Ms. Menzel is also an outspoken advocate for artists who have had their original designs copied by fast-fashion brands like Shein, Romwe, and Emmacloth, and is passionate about protecting the rights of artists around the world.

22.    Twelve of Ms. Menzel's original designs are at issue in this suit: *Blackberry Flower, FLOWERS FOR YOU, Sunflowers, My Precious, PURR, Rose, BEST FRIENDS, TOGETHER FOREVER, Skull Mug, Luu, Boop!*, and *Kitty, kitty* (the "Original Designs"), as shown below.

*Blackberry Flower*



*FLOWERS FOR YOU*



*Sunflowers*



*My Precious*



*PURR*



*Rose*



*BEST FRIENDS*



*TOGETHER FOREVER*



*Skull Mug*



*Luu*



*Boop!*



*Kitty, kitty*



23.     Ms. Menzel created *Blackberry Flower* in 2018 and first published the design on February 15, 2018.

24.     Ms. Menzel created *FLOWERS FOR YOU* in 2018 and first published the design on May 9, 2018. On November 15, 2021, Ms. Menzel received federal copyright registration No. VA0002279321 for *FLOWERS FOR YOU*.

25.     Ms. Menzel created *Sunflowers* in 2018 and first published the design on May 15, 2018.

26.     Ms. Menzel created *My Precious* in 2018 and first published the design on September 12, 2018.

27.     Ms. Menzel created *PURR* in 2018 and first published the design on November 9, 2018. On November 15, 2021, Ms. Menzel received federal copyright registration No. VA0002279326 for *PURR*.

28.     Ms. Menzel created *Rose* in 2018 and first published the design on December 30, 2018. On February 9, 2023, Ms. Menzel received federal copyright registration No. VA0002340244 for *Rose.*

29.     Ms. Menzel created *BEST FRIENDS* in 2019 and first published the design on January 20, 2019. On November 15, 2021, Ms. Menzel received federal copyright registration No. VA0002279332 for *BEST FRIENDS*.

30.     Ms. Menzel created *TOGETHER FOREVER* in 2019 and first published the design on January 25, 2019. On November 15, 2021, Ms. Menzel received federal copyright registration No. VA0002281022 for *TOGETHER FOREVER*.

31.    Ms. Menzel created *Skull Mug* in 2019 and first published the design on February 21, 2019. On July 28, 2023, Ms. Menzel received federal copyright registration No. VA0002362399 for *Skull Mug*.

32.    Ms. Menzel created *Luu* in 2019 and first published the design on May 15, 2019.

33.    Ms. Menzel created *Boop!* in 2019 and first published the design on October 19, 2019. On July 28, 2023, Ms. Menzel received federal copyright registration No. VA0002361895 for *Boop!*

34.    Ms. Menzel created *Kitty, kitty* in 2020 and first published the design on January 25, 2020.

35.    Ms. Menzel conveys her copyright management information, *e.g.*, her name, in connection with the Original Designs on her website, social media accounts, and authorized third-party websites. Screenshots from Ms. Menzel's Instagram account showing her copyright management information conspicuously placed on the *BEST FRIENDS* Original Design and the *PURR* Original Design are shown below.





36.     On platforms or websites where Plaintiff does not place her name directly onto her Original Designs, Plaintiff displays her name adjacent to or in close proximity to the Original Designs. A screenshot from Ms. Menzel's iCanvas page, an authorized third-party retailer of her Original Designs, showing her copyright management information in close proximity to the *BEST FRIENDS* Original Design, is shown below.



37.     A screenshot from Ms. Menzel's personal e-commerce website and online storefront, located at tiinamenzel.azoo.shop, showing her copyright management information adjacent to the *PURR* Original Design, is shown below.



38.     Plaintiff's copyright management information serves to identify Ms. Menzel as the author and copyright owner of the Original Designs.

## II.     Defendants' Infringement-Centric Business Model and Financial Success

39.     Defendants own and operate the fast fashion brands Shein, Romwe, and Emmacloth and their respective websites and mobile applications, which advertise, display, and sell apparel, accessories, jewelry, and other products to customers in the United States and around the world.

40.     Defendants sell and ship products directly to consumers in New York and in this District.

41.     Defendants profit by flooding the market with thousands of cheap, infringing products with little regard for the intellectual property rights of others. In connection with the near-endless proliferation of infringing products on their websites and mobile applications, Defendants claim to discipline the unscrupulous manufacturers and suppliers from whom they apparently source these infringing products. In reality, Defendants do nothing but continue to source new infringing products from these suppliers and continue to profit off of their rampant infringement.

42.     Defendants operate the Shein, Romwe, and Emmacloth brands via a variety of corporate entities, websites, and mobile applications to shield themselves from liability for the systematic infringement driving their financial success.

43.     For example, in late 2021, Defendant Roadget replaced Defendant Zoetop as the legal entity owning the Shein, Romwe, and Emmacloth brands and intellectual property, as well as the Shein Website and Shein Mobile App, the Romwe Website and Romwe Mobile App, and the Emmacloth Website, in part because Zoetop had built a reputation as an intellectual property infringer.[2] Defendants currently appear to be operating under the "Roadget" umbrella.

---

[2] *See supra*, note 1.

44.     Upon information and belief, Defendants Zoetop and Fashion Direct operated the Shein Website and Shein Mobile App until December 30, 2021.

45.     Defendant Roadget began operating the Shein Website and Shein Mobile App on December 30, 2021.

46.     Defendants Roadget and SUS currently operate the Shein Website and Shein Mobile App in the United States.

47.     Upon information and belief, Defendant Zoetop operated the Romwe Website and Romwe Mobile App until December 30, 2021.

48.     Defendant Roadget began operating the Romwe Website and Romwe Mobile App on December 30, 2021.

49.     Defendants Roadget and SDC currently operate the Romwe Website and Romwe Mobile App in the United States.

50.     Defendants Roadget and Fashion Choice currently operate the Emmacloth Website.

51.     Upon information and belief, Defendants have made a calculated business decision that it is more profitable to simply infringe artists' intellectual property than comply with the law, *e.g.*, by creating or licensing original works. A critical aspect of this calculus is the fact that Defendants have been largely able to avoid accountability for their infringement, based on their tactics for eluding detection and liability, including by operating via a global web of corporate entities.

52.     Defendant Roadget is now seeking to parlay the business success of the Shein brand in particular—which can be significantly attributed to its widespread infringement of the work of independent artists like Plaintiff—into a lucrative IPO in the United States. Defendant Roadget

has filed paperwork with the SEC indicating its intent to bring SHEIN public, reportedly seeking a valuation of up to $90 billion.[3]

Defendants' Habitual Infringement of Plaintiff's Original Designs

53.    Plaintiff has been forced to deal with Defendants' relentless infringement of her artwork.

54.    Since February 9, 2021, Defendants have displayed and sold at least 108 different products that infringe Plaintiff's twelve Original Designs.

55.    Additionally, because large numbers of new, distinct products are added to the Shein, Romwe, and Emmacloth websites and mobile applications every day, upon information and belief, Defendants have displayed and sold additional products that infringe the Original Designs and/or Plaintiff's other original copyrighted designs.

Infringing Design #1: *Skull Mug*

56.    On February 9, 2021, Plaintiff was notified by a fan that Defendants Zoetop and Fashion Direct were selling a t-shirt on the Shein Website featuring an infringing copy of the *Skull Mug* Original Design ("Infringing Design #1"), as shown below.

---

[3] *See* Kane Wu and Anirban Sen, China's Shein Files for US IPO in Major Test for Investor Appetite -Sources, Reuters, Nov. 27, 2023, https://www.reuters.com/markets/deals/chinese-fast-fashion-shein-files-us-ipo-wsj-2023-11-27.





57.    Without authorization from Ms. Menzel, Defendants Zoetop and Fashion Direct created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *Skull Mug* Original Design.

58.    Below is a side-by-side comparison of the *Skull Mug* Original Design and Infringing Design #1. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #1 are substantially similar, if not identical, to the *Skull Mug* Original Design.

| Original Design | Infringing Design #1 |
|---|---|
|  | |

*Detail of Infringing Design #1*

59.    Defendants Zoetop's and Fashion Direct's infringement of the *Skull Mug* Original Design has been willful. Zoetop and Fashion Direct never attempted to contact Plaintiff to inquire about properly licensing the *Skull Mug* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

60.    Defendants Zoetop and Fashion Direct knew they were selling cheap products from manufacturers and suppliers that regularly dealt in infringing products but continued to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #2: *PURR*

61.    On March 31, 2020, Plaintiff first discovered that Defendant Zoetop was selling a phone case featuring an infringing copy of the *PURR* Original Design on the Romwe Website. A screenshot of this infringing product posted on Plaintiff's Instagram account is shown below.



62.    The same day, Plaintiff contacted Defendant Zoetop via email to demand that the infringing product be taken down from the Romwe Website.

63.    Bonnie Lu, who identified herself as a "legal counselor," responded to Plaintiff's email asserting that Defendant Zoetop "suspended the sale of the disputed products (sku:recase03190929772) from our website to avoid further disputes. Upon our investigation, the disputed products were not manufactured by us, it was purchased as finished product [sic] from our suppliers. We didn't expect it might involving [sic] copyrighted work."

64.    In this same correspondence, Ms. Lu asked Plaintiff if she would be interested in granting Defendant Zoetop a license for the *PURR* Original Design. Ms. Lu explained in her email, "We cooperate with many designer [sic] to using [sic] these design [sic] on our product. We would like to offer 300-500 USD for 1 year authorization, sale on both Romwe and Shein (our cooperative websizse) [sic].  Please let us know your thoughts for license."

65.    Plaintiff did not respond to Defendant Zoetop's insulting offer.

66.    Instead, Plaintiff was forced to send a follow up notice on April 4, 2020 because the website link to this infringing product had not been taken down, despite Ms. Lu's assertion to the contrary. Defendant Zoetop did not respond to Plaintiff's April 4, 2020 email.

67.    On August 6, 2020, Plaintiff learned that Defendants Zoetop and Fashion Direct were selling this same infringing product on the Shein Website. A screenshot of this infringing product posted on Plaintiff's Instagram account is shown below.



68.     Then, on June 8, 2021, Plaintiff was notified by a fan that Defendant Zoetop was selling another product featuring an infringing copy of the *PURR* Original Design on the Romwe Website ("Infringing Design #2"), as shown below.



Cat Graphic Phone Case

## $2.25

Size

| 7p/8p | IPhone X/XS | XS Max | XR |

69.     Plaintiff was outraged that Defendant Zoetop had stolen the *PURR* Original Design for the third time.

70.     Without authorization from Ms. Menzel, Defendant Zoetop created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *PURR* Original Design.

71.     Below is a side-by-side comparison of the *PURR* Original Design and Infringing Design #2. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #2 are substantially similar, if not identical, to the *PURR* Original Design.

| Original Design | Infringing Design #2 |
|---|---|



*Detail of Infringing Design #2*

72.    Defendant Zoetop's infringement of the *PURR* Original Design was willful. Zoetop knew at least as early as March 31, 2020 that Plaintiff was the author and copyright owner of the *PURR* Original Design. In fact, Zoetop even offered to license the design from Plaintiff. When Plaintiff did not respond to this proposal, Zoetop nevertheless intentionally chose to sell products featuring Infringing Design #2.

73.    Defendant Zoetop knew from its interactions with Plaintiff that the *PURR* Original Design belonged to Plaintiff, and yet knowingly distributed products featuring Infringing Design #2 with Plaintiff's copyright management information removed therefrom.

74.    Defendant Zoetop also provided several types of false copyright management information in connection with its sale, display and distribution of products featuring Infringing Design #2. Such information serves to misidentify Zoetop, and not Plaintiff, as the author and/or copyright owner of the *PURR* Original Design.

75.    Defendant Zoetop knew that the copyright management information that it displayed in connection with its sale, display, and distribution of products featuring Infringing Design #2 was false because Zoetop knew that Ms. Menzel was the true author and copyright owner of the *PURR* Original Design.

76.    Upon information and belief, Defendant Zoetop provided false copyright management information in connection with the products featuring Infringing Design #2 for the purpose of giving consumers the impression that Zoetop was the author and/or copyright owner or licensee of the *PURR* Original Design. Zoetop intended that this would facilitate the sale of products featuring Infringing Design #2 and conceal the fact that it was infringing the *PURR* Original Design.

77.    Defendant Zoetop knew it was selling cheap products from manufacturers and suppliers that regularly dealt in infringing products but continued to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #3: *FLOWERS FOR YOU.*

78.    On June 22, 2021, Plaintiff was notified by a fan that Defendants Zoetop and Fashion Direct were selling a t-shirt on the Shein Website featuring an infringing copy of the *FLOWERS FOR YOU* Original Design ("Infringing Design #3"), as shown below.



79.    Without authorization from Ms. Menzel, Defendants Zoetop and Fashion Direct created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *FLOWERS FOR YOU* Original Design.

80.    Below is a side-by-side comparison of the *FLOWERS FOR YOU* Original Design and Infringing Design #3. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #3 are substantially similar, if not identical, to the *FLOWERS FOR YOU* Original Design.

| Original Design | Infringing Design #3 |
|---|---|
|  | |

*Detail of Infringing Design #3*

81.    Defendants Zoetop's and Fashion Direct's infringement of the *FLOWERS FOR YOU* Original Design was willful. Zoetop and Fashion Direct never attempted to contact Plaintiff to inquire about properly licensing the *FLOWERS FOR YOU* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

82.    Defendants Zoetop and Fashion Direct knew they were selling cheap products from manufacturers and suppliers that regularly dealt in infringing products but continued to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #4: *Blackberry Flower*

83.    On March 14, 2023, Plaintiff discovered that Defendants Roadget and SUS were selling a phone case on the Shein Website featuring an infringing copy of the *Blackberry Flower* Original Design ("Infringing Design #4"), as shown below.



84.     Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *Blackberry Flower* Original Design.

85.     Below is a side-by-side comparison of the *Blackberry Flower* Original Design and Infringing Design #4. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #4 are substantially similar, if not identical, to the *Blackberry Flower* Original Design.

| Original Design | Infringing Design #4 |
|---|---|
|  | |

86.     Defendants Roadget's and SUS's infringement of the *Blackberry Flower* Original Design has been willful. Roadget and SUS never attempted to contact Plaintiff to inquire about properly licensing the *Blackberry Flower* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

87.     In fact, Plaintiff's last name, "Menzel," is visible in the bottom left corner of Infringing Design #4, as shown below, further demonstrating that Defendants Roadget's and SUS's infringement of this design has been knowing and willful.





88.    Defendants Roadget and SUS know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #5: *Rose., Luu, Sunflowers*

89.    On March 14, 2023, Plaintiff discovered that Defendants Roadget and SUS were selling a t-shirt on the Shein Website featuring infringing copies of original elements of three of Plaintiff's Original Designs, the *Rose* Original Design, the *Luu* Original Design, and the *Sunflowers* Original Design ("Infringing Design #5"), as shown below.



90. Specifically, the skull of the skeleton on the left in Infringing Design #5 is an unauthorized black-and-white reproduction of the skull in the *Rose* Original Design. A comparison of the skull in Infringing Design #5 and the skull in the *Rose* Original Design is shown below.



91.     Additionally, the skull of the skeleton on the right in Infringing Design #5 is an unauthorized black-and-white reproduction of the skull in the *Luu* Original Design. A comparison of the skull in Infringing Design #5 and the skull in the *Luu* Original Design is shown below.



92.    Finally, the ribcage of the skeleton on the right in Infringing Design #5 is an unauthorized black-and-white reproduction of the ribcage of the skeleton in the *Sunflowers* Original Design. A comparison of the ribcage in Infringing Design #5 and the ribcage in the *Sunflowers* Original Design is shown below.



93.    Below is a comparison of (1) Infringing Design #5 and (2) the original elements of the *Rose* Original Design, *Luu* Original Design, and *Sunflowers* Original Design that Defendants Roadget and SUS copied overlaid onto Infringing Design #5. The above and below comparisons make immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #5 are substantially similar, if not identical, to the *Rose* Original Design, the *Luu* Original Design, and the *Sunflowers* Original Design.



94.     Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring designs identical or substantially similar to the *Rose* Original Design, the *Luu* Original Design, and the *Sunflowers* Original Design.

95.     Since discovering that Defendants Roadget and SUS were selling a product on the Shein Website featuring Infringing Design #5 in March 2023, Plaintiff has discovered that they are selling at least 82 additional products on the Shein Website featuring Infringing Design #5, as shown in Exhibit A attached hereto.

96.     Below is a list of the 83 unique SKU numbers for each of the products that have been sold and displayed on the Shein Website featuring Infringing Design #5:

1.  sk2308181947934279

2.  sz2304075650146680

3.  sw2207063272006378

4.  sw2207063272011447

5.  sw2207063272035348

6.  sf2210298871171547

7.  sz2307175641106139

8.  sz2307170931235364

9.  sz2308177219007500

10. sm2211166196181475

11. sm2211166196139797

12. sz2309079933962391

13. sf2208235228851009

14. sf2209140012710121

15. sf2206117166191644

16. sf2202219298111213

17. sm2306070130758719

18. sm2306070130774463

19. sm2306070130730322

20. sm2306070130705779

21. sz2307241635518858

22. sw2207188838890904

23. sw2207188838812892

24. sz2306095710111741

25. sm2206105025222251

26. sm2204184052812596

27. sm2204184052839643

28. sm2209166323691981

29. sm2209166323688637

30. sm2211046370763883

31. sz2310306597501916

32. sf2206117166142668

33. sm2310161361786328

34. sz2306068318142490

35. sz2306068318109087

36. sz2306068318184648

37. sz2306068318103711

38. sf2208012312436006

39. sk2312188576666892

40. sm2309057853020472

41. sm2306285449913603

42. sm2306285449964649

43. sm2306285449954245

44. sf2204292665202084

45. sf2209062224503050

46. sz2307229943994992

47. rm2210184948266227

48. sm2309111111111822

49. sf2204292665211167

50. sz2308268883889393

51. sz2306011333311010

52. sk2309199056763796

53. sk2309199056773521

54. sf2212036627078472

55. sz2307103437557555

56. sz2306132916390267

57. sw2204134329798609

58. sz2312012578147777

59. sz2305166405006856

60. sz2306195977786489

61. sk2211121969931121

62. sz2308220226086689

63. sw2210159181214646

64. sf2206117166178500

65. sf2212070792781112

66. sz2307076433369616

67. sz2304129129147714

68. sf2211291518117558

69. sk2306065621695666

70. sk2309199056722582

71. sz2309294711481345

72. sm2306285449912464

73. sf2209086663899333

74. sw2211258107787213

75. sw2207191072874545

76. sm2306070777655082

77. sm2306070130713526

78. sz2310257131330300

79. sf2202219298193243

80. sf2206108804234466

81. sf2206117166181528

82. sm2306278958805055

83. sm2312071106220266

97. Since discovering that Defendants Roadget and SUS were selling a product on the Shein Website featuring Infringing Design #5 in March 2023, Plaintiff has learned that Defendants Roadget and SDC are also selling at least nine products on the Romwe Website featuring Infringing Design #5, as shown in Exhibit A attached hereto.

98. Below is a list of the nine unique SKU numbers for each of the infringing products that have been sold and displayed on the Romwe Website featuring Infringing Design #5:

1. sf2208235228851009

2. sm2211166196181475

3. sw2207188838812892

4. sf2206117166191644

5. sf2202219298111213

6. sm2211046370763883

7. sz2310306597501916

8. rm2210184948266227

9. sf2206117166142668

99. Since discovering that Defendants Roadget and SUS were selling a product on the Shein Website featuring Infringing Design #5 in March 2023, Plaintiff has also learned that Defendants Roadget and Fashion Choice are selling at least one product featuring Infringing Design #5 on the Emmacloth Website, as shown in Exhibit A attached hereto.

100. The unique SKU number for the infringing product that has been sold and displayed on the Emmacloth Website featuring Infringing Design #5 is sf2210298871171547.

101.    Clearly, Infringing Design #5 was very popular among Defendants' customers because Defendants Roadget, SUS, SDC, and Fashion Choice used it on at least 88 distinct products, with new products being added every month. Yet Roadget, SUS, SDC, and Fashion Choice never attempted to contact Plaintiff to inquire about properly licensing any of these designs. Instead, Roadget, SUS, SDC, and Fashion Choice selected elements from each of these designs and merged them together to create a Frankenstein-like Infringing Design #5.

102.    Defendants Roadget's, SUS's, SDC's, and Fashion Choice's infringement of the *Rose* Original Design, the *Luu* Original Design, and the *Sunflowers* Original Design has been willful.

103.    Defendants Roadget, SUS, SDC, and Fashion Choice know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #6: *Rose*

104.    On March 14, 2023, Plaintiff discovered that Defendants Roadget and SUS were selling a product on the Shein Website featuring an infringing copy of an original element of the *Rose* Original Design ("Infringing Design #6"), as shown below.














ROMWE PUNK Slogan & Skeleton Print Lace Trim Bodycon Dress Without Arm Sleeves

**$6.00** ~~$9.00~~ `-33%`     ⭐⭐⭐⭐⭐ (2) >

Size  ASIA ⌄                    Check My Size

| 2 (XS) | 4 (S) | 6 (M) | 8/10 (L) |

     **ADD TO BAG**

105.    Specifically, the skull on the right in Infringing Design #6 is an unauthorized, mirror-imaged black-and-white reproduction of the skull in the *Rose* Original Design. A comparison of the skull in Infringing Design #6 and the skull in the *Rose* Original Design, which has been mirror imaged for purpose of this comparison, is shown below.



106.    Below is a comparison of (1) Infringing Design #6 and (2) the original element of the *Rose* Original Design that Defendants Roadget and SUS copied overlaid onto Infringing Design #6. The above and below comparisons make immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #6 are substantially similar, if not identical, to the *Rose* Original Design.



107.    Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *Rose* Original Design.

108.    Since discovering that Defendants Roadget and SUS were selling a product on the Shein Website featuring Infringing Design #6 in March 2023, Plaintiff has learned that they are selling at least three additional products on the Shein Website featuring Infringing Design #6, as shown in Exhibit B attached hereto.

109.    Below is a list of the four unique SKU numbers for each of the infringing products that have been sold and displayed on the Shein Website featuring Infringing Design #6:

1.  sw2211257128771703

2.  sf2212134771537342

3.  sm2310249760017176

4.  sm2309124683383244

110.    Since discovering that Defendants Roadget and SUS were selling a product on the Shein Website featuring Infringing Design #6 in March 2023, Plaintiff has learned that Defendants Roadget and SDC are selling at least two products on the Romwe Website featuring Infringing Design #6, as shown in Exhibit B attached hereto.

111.    Below is a list of the two unique SKU numbers for the infringing products that have been sold and displayed on the Romwe Website featuring Infringing Design #6:

1.  sw2211257128771703

2.  sf2212134771537342

112.    Defendants' infringement of the *Rose* Original Design has been willful. Defendants Roadget, SUS, and SDC never attempted to contact Plaintiff to inquire about properly licensing

the *Rose* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

113.    Defendants Roadget, SUS, and SDC know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #7: *Sunflowers*

114.    On July 19, 2023, Plaintiff discovered that Defendants Roadget and SUS were selling a phone case on the Shein Website featuring an infringing copy of the *Sunflowers* Original Design ("Infringing Design #7"), as shown below.



115.     Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *Sunflowers* Original Design.

116.     Below is a side-by-side comparison of the *Sunflowers* Original Design and Infringing Design #7. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #7 are substantially similar, if not identical, to the *Sunflowers* Original Design.

| Original Design | Infringing Design #7 |
|---|---|



117.    The unique SKU number for this infringing product is se2306155053166163.

118.    Defendants Roadget's and SUS's infringement of the *Sunflowers* Original Design has been willful. Roadget and SUS never attempted to contact Plaintiff to inquire about properly licensing the *Sunflowers* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

119.    Defendants Roadget and SUS know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #8: *BEST FRIENDS, Boop!, Kitty, kitty*

120.    On December 7, 2019, Plaintiff first discovered that Defendant Zoetop was selling an enamel pin featuring an infringing copy of the *BEST FRIENDS* Original Design on the Romwe Website. A screenshot from Plaintiff's Instagram showing this infringing product is shown below.



121.    Plaintiff contacted Defendant Zoetop via email and Instagram direct message (to the Romwe Instagram account) to demand that Defendant Zoetop stop selling the infringing product on the Romwe Website.

122.    Bonnie Lu, Defendant Zoetop's "legal counselor," responded to Plaintiff's email on December 13, 2019, asserting that Zoetop "removed the disputed product" and explained that "[t]his product was not produced by ROMWE, it was purchased as finished products [sic] from a local vendor in Guangzhou. We were not aware it involving [sic] copyright issue. We will be more careful regarding the IP matter on the product."

123.    On August 1, 2020, Plaintiff discovered that Defendants Zoetop and Fashion Direct were selling a product featuring an infringing copy of the *BEST FRIENDS* Original Design on the Shein Website.

124.    The same day, Plaintiff posted about this infringement on her Instagram account, as shown below.





125.    On August 31, 2020, Plaintiff contacted Defendants Zoetop and Fashion Direct via email to demand that they stop selling the infringing product on the Shein Website.

126.    On September 2, 2020, Bonnie Lu again responded to Plaintiff's email, asserting that Defendants Zoetop and Fashion Direct removed the infringing product and explaining, "We are not willfully to sell [sic] this disputed product bearing your design. In fact, we have taken necessary measures to avoid IP infringement. As you may aware [sic], We have huge amount [sic] of products and large number of buyers, it is quite difficult for us to find out all potentially infringing products."

127.    In the same correspondence, Ms. Lu asked Plaintiff if she would consider licensing the design to Defendants Zoetop and Fashion Direct. Ms. Lu stated, "We suggest shein compensate you 600-USD, which is including [sic] license fee and unauthorized use fees."

128.    Plaintiff did not respond to Defendants Zoetop's and Fashion Direct's insulting offer.

129.    On July 19, 2023, Plaintiff was disappointed to discover that Defendants Roadget and SUS were selling yet another product featuring an unauthorized black-and-white reproduction of the *BEST FRIENDS* Original Design alongside unauthorized black-and-white reproductions of the *Boop!* Original Design and the *Kitty, kitty* Original Design ("Infringing Design #8") on the Shein Website, as shown below.



130.    Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring designs identical or substantially similar to the *BEST FRIENDS* Original Design, the *Boop!* Original Design, and the *Kitty, kitty* Original Design.

131.    Below is a side-by-side comparison of (1) Infringing Design #8 and (2) the *BEST FRIENDS* Original Design, the *Boop!* Original Design, and the *Kitty, kitty* Original Design overlaid onto Infringing Design #8. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #8 are substantially similar, if not identical, to the *BEST FRIENDS* Original Design, the *Boop!* Original Design, and the *Kitty, kitty* Original Design.

 

132.    Defendants Roadget's and SUS's infringement of the *BEST FRIENDS* Original Design, the *Boop!* Original Design, and the *Kitty, kitty* Original Design has been willful.  Roadget and SUS knew that Ms. Menzel was the author and copyright owner of *BEST FRIENDS* Original Design at least as early as December 13, 2019. In fact, Defendant Zoetop, Roadget's predecessor, even offered to license this design from Plaintiff. After Plaintiff did not respond to Defendant Zoetop's proposal, Defendants Roadget and SUS nonetheless intentionally chose to sell a third product featuring an infringing copy of the *BEST FRIENDS* Original Design, along with two of Plaintiff's other Original Designs, despite knowing that Plaintiff is the true author and copyright owner of these designs.

133.    As further evidence of Defendants Roadget's and SUS's willfulness in infringing these designs, Plaintiff's name is visible in the bottom left corner of the low-quality reproduction of the *Kitty, kitty* Original Design in Infringing Design #8, as shown below.



134.    Defendants Roadget and SUS know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

135.    Defendants Roadget and SUS knew from Defendant Zoetop's interactions with Plaintiff in 2019 and 2020 that the *BEST FRIENDS* Original Design belonged to Plaintiff, yet they knowingly distributed products featuring Infringing Design #8 with Plaintiff's copyright management information removed therefrom.

136.    Defendants Roadget and SUS also provided several types of false copyright management information in connection with their sale, display and distribution of products featuring Infringing Design #8. Such information serves to misidentify Roadget and SUS, and not Plaintiff, as the authors and/or copyright owners of the *BEST FRIENDS* Original Design.

137.    Defendants Roadget and SUS knew that the copyright management information that they displayed in connection with their sale, display, and distribution of products featuring Infringing Design #8 was false because they knew that Ms. Menzel was the true author and copyright owner of the *BEST FRIENDS* Original Design.

138.    Upon information and belief, Defendants Roadget and SUS provided false copyright management information in connection with the products featuring Infringing Design #8 for the purpose of giving consumers the impression that they were the authors and/or copyright owners or licensees of the *BEST FRIENDS* Original Design. Roadget and SUS intended that providing this false copyright management information, they would facilitate the sale of products featuring Infringing Design #8 and conceal the fact that they were infringing the *BEST FRIENDS* Original Design.

Infringing Design #9: *My Precious*

139.    On August 8, 2023, Plaintiff was notified by a fan that Defendants Roadget and SUS were selling a sweatshirt on the Shein Website featuring an infringing copy of an original element of the *My Precious* Original Design ("Infringing Design #9"), as shown below.



140.    Specifically, the cat in Infringing Design #9 is an unauthorized, low-quality reproduction of the cat in the *My Precious* Original Design. A comparison of the cat in Infringing Design #9 and the cat in the *My Precious* Original Design is shown below. **The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #9 are substantially similar, if not identical, to the** *My Precious* Original Design.



141.    Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *My Precious* Original Design.

142.    Defendants Roadget's and SUS's infringement of the *My Precious* Original Design has been willful. Roadget and SUS never attempted to contact Plaintiff to inquire about properly licensing the *My Precious* Original Design and instead produced an unauthorized, low-quality infringing copy of the cat in the design.

143.    Defendants Roadget and SUS know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #10: *TOGETHER FOREVER*

144.    On September 5, 2023, Plaintiff discovered that Defendants Roadget and SUS were selling a shower curtain on the Shein Website featuring an infringing copy of the *TOGETHER FOREVER* Original Design ("Infringing Design #10"), as shown below.





145.    Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *TOGETHER FOREVER* Original Design.

146.    Below is a side-by-side comparison of the *TOGETHER FOREVER* Original Design and Infringing Design #10. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #10 are substantially similar, if not identical, to the *TOGETHER FOREVER* Original Design.

| Original Design | Infringing Design #10 |
|---|---|



*Detail of Infringing Design #10*

147.    The unique SKU number for the infringing product featuring Infringing Design #10 is sh2307319109740568.

148.    Defendants Roadget's and SUS's infringement of the *TOGETHER FOREVER* Original Design has been willful. Roadget and SUS never attempted to contact Plaintiff to inquire about properly licensing the *TOGETHER FOREVER* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

149.    Defendants Roadget and SUS know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Infringing Design #11: *Luu*

150.    On September 5, 2023, Plaintiff discovered that Defendants Roadget and SUS were selling a sweatshirt dress on the Shein Website featuring an infringing copy of an original element of the *Luu* Original Design ("Infringing Design #11"), as shown below.





6 / 8

SHEIN Girls Letter & Halloween Print Drop Shoulder Sweatshirt Dress

**$9.40**                    ⭐ 5.00 (8) ›

• Cotton   • Fall Essential                          ›

**Size** ASIA ⌄

8Y(122-128CM)        9Y(128-134CM)

♡        **ADD TO CART**

151.    Specifically, the skull in Infringing Design #11 is an unauthorized black-and-white reproduction of the skull in the *Luu* Original Design. A comparison of the skull in Infringing Design #11 and the skull in the *Luu* Original Design is shown below.



152.    Without authorization from Ms. Menzel, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed, and/or sold products featuring a design identical or substantially similar to the *Luu* Original Design.

153.    Below is a comparison of (1) Infringing Design #11 and (2) the original element of the *Luu* Original Design that Defendants Roadget and SUS copied overlaid onto Infringing Design #11.



154. The above comparisons make immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of Infringing Design #11 are substantially similar, if not identical, to the *Luu* Original Design.

155. The unique SKU number for the infringing product featuring Infringing Design #11 is sk2207152113669419.

156. Defendants Roadget's and SUS's infringement of the *Luu* Original Design has been willful. Roadget and SUS never attempted to contact Plaintiff to inquire about properly licensing the *Luu* Original Design and instead produced an unauthorized, low-quality infringing copy of the design.

157. Defendants Roadget and SUS know they are selling cheap products from manufacturers and suppliers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against All Defendants)**

158. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 157 above and incorporates them herein by reference.

159. Plaintiff has complied with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and has secured the exclusive rights and privileges in and to the copyrights in the Original Designs.

160. Defendants had access to Plaintiff's Original Designs, including, without limitation, through (a) Defendants' communications with Plaintiff; (b) viewing the Original Designs on Plaintiff's website or social media pages; (c) viewing the Original Designs on an

authorized third-party retailer's website or social media; and/or (d) purchasing products featuring the Original Designs from Plaintiff or an authorized third-party retailer.

161.    Defendants copied, reproduced, distributed, adapted, publicly displayed, and/or sold elements of the Original Designs without the consent, permission, or authority of Plaintiff.

162.    Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

163.    Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

164.    Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

165.    Alternatively, Plaintiff is entitled to an award of statutory damages for the Original Designs, pursuant to 17 U.S.C. § 504.

166.    Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

167.    Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the infringing products identified herein or any other products that bear substantially similar copies of Plaintiff's copyrighted Original Designs.

## SECOND CLAIM FOR RELIEF
## DISTRIBUTION OF INFRINGING GOODS WITH COPYRIGHT MANAGEMENT INFORMATION REMOVED - 17 U.S.C. § 1202(b)
### (Against Defendants Zoetop, Roadget, and SUS)

168.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 167 above and incorporates them herein by reference.

169.    The *PURR* Original Design and the *BEST FRIENDS* Original Design include conspicuous copyright management information, such as Plaintiff's name, which is protected under 17 U.S.C. § 1202(b).

170.    Plaintiff further conveys such copyright management information in connection with the *PURR* Original Design and the *BEST FRIENDS* Original Design on her website, social media accounts, and authorized third-party retailers' websites.

171.    Defendants Zoetop, Roadget, and SUS knowingly distributed products featuring Infringing Design #2 and Infringing Design #8, which feature infringing copies of the *PURR* Original Design and the *BEST FRIENDS* Original Design, respectively, that are missing the copyright management information Plaintiff places on authorized copies of the *PURR* Original Design and the *BEST FRIENDS* Original Design.

172.    Upon information and belief, Defendants Zoetop, Roadget, and SUS knowingly sourced, sold, displayed, and distributed products featuring Infringing Design #2 and Infringing Design #8 that are missing the copyright management information placed on authorized copies of the *PURR* Original Design and the *BEST FRIENDS* Original Design.

173.    Upon information and belief, Defendants Zoetop, Roadget, and SUS knowingly sold infringing products featuring copies of the *PURR* Original Design and the *BEST FRIENDS* Original Design from which Plaintiff's copyright management information had been intentionally removed.

174.    Upon information and belief, Defendants Zoetop, Roadget, and SUS knowingly distributed and imported for distribution unauthorized copies of the *PURR* Original Design and the *BEST FRIENDS* Original Design from which Plaintiff's copyright management information had been intentionally removed.

175.    Upon information and belief, Defendants Zoetop, Roadget, and SUS distributed the products featuring Infringing Design #2 and Infringing Design #8 with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

176.    Defendants Zoetop, Roadget, and SUS engaged in these activities without the consent or authorization of Plaintiff.

177.    Plaintiff has been injured as a result of Defendants Zoetop's, Roadget's, and SUS's multiple violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the infringing products, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1202(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

### THIRD CLAIM FOR RELIEF
### FALSE COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(a)
#### (Against Defendants Zoetop, Roadget, and SUS)

178.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 177 above and incorporates them herein by reference.

179.    Upon information and belief, Defendants Zoetop, Roadget, and SUS intentionally and knowingly provided false copyright management information in connection with the products featuring Infringing Design #2 and Infringing Design #8. Specifically, Zoetop, Roadget, and SUS affixed the Shein and Romwe brand names and logos to the products featuring Infringing Design #2 and Infringing Design #8 and their packaging.

180.    Upon information and belief, Defendants Zoetop, Roadget, and SUS intentionally and knowingly imported for distribution and distributed false copyright management information in connection with the products featuring Infringing Design #2 and Infringing Design #8.

181.    Upon information and belief, Defendants Zoetop, Roadget, and SUS knew that the copyright management information they conveyed in connection with the products featuring Infringing Design #2 and Infringing Design #8 was false because they knew that Plaintiff was the true author and copyright owner of the *PURR* Original Design and *BEST FRIENDS* Original Design – not themselves.

182.    Upon information and belief, Defendants Zoetop, Roadget, and SUS knowingly provided such false copyright management information and distributed and imported such false copyright management information in connection with the products featuring Infringing Design #2 and Infringing Design #8 with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

183.    Defendants Zoetop, Roadget, and SUS engaged in these activities without the consent or authorization of Plaintiff.

184.    Plaintiff has been injured as a result of Defendants' multiple violations of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the infringing products, damages, costs, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1202(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

**WHEREFORE**, Plaintiff demands judgment as follows:

1.    For an order permanently restraining and enjoining Defendants from copying, reproducing, distribution, adapting, publicly displaying, and/or selling the Original Designs or any elements thereof;

2.    For an order requiring the destruction of all of Defendants' infringing products and all marketing, advertising, or promotional materials depicting Defendants' infringing products;

3.      For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

4.      For an award of all of Defendants' disgorged worldwide profits attributable to Defendants' copyright infringement;

5.      For an award of statutory damages for the Original Designs under the Copyright Act, 17 U.S.C. § 504(c), as well as attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505;

6.      For an award of $25,000 per violation of 17 U.S.C. § 1202(a), an order requiring the impounding of all existing copies of the products featuring Infringing Design #2 and Infringing Design #8 under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

7.      For an award of $25,000 per violation of 17 U.S.C. § 1202(b), an order requiring the impounding of all existing copies of the products featuring Infringing Design #2 and Infringing Design #8 under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

8.      For reasonable attorneys' fees and costs of suit incurred herein;

9.      For interest, including prejudgment interest, on the foregoing sums; and

10.     For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:     New York, New York                Respectfully Submitted,
            February 6, 2024

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber
Vanessa Sorrentino
andrew@kgfirm.com
vanessa@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Christina Menzel*