UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MENZEL, | |
| *Plaintiff*, | Case No. 1:24-CV-860 (JGK) |
| v. | |
| ROADGET BUSINESS PTE. LTD., a Singapore private limited company; ZOETOP BUSINESS CO., LIMITED, a Chinese limited company; FASHION DIRECT CORP., a Delaware corporation; SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN TECHNOLOGY LLC, a Delaware limited liability company; SHEIN US SERVICES, LLC, a Delaware limited liability company; and FASHION CHOICE PTE. LTD., a Singapore private limited company, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| *Defendants*. | |

**WHEREAS**, Plaintiff Christina Menzel and Defendants Roadget Business Pte. Ltd. ("Roadget"); Zoetop Business Co., Ltd. ("Zoetop"); Shein Distribution Corporation ("SDC"); Shein Technology LLC ("STL"); Shein US Services, LLC ("SUS"); and Fashion Choice Pte. Ltd. ("Fashion Choice") (collectively the "Parties" and each individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in the-above captioned action (the "Litigation"); and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of the Litigation.

1

**IT IS HEREBY ORDERED** that any person subject to this Order — including without limitation the Parties to the Litigation, their representatives, agents, experts and consultants, all third parties providing discovery in the Litigation, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1. "Discovery Material" means information of any kind produced or disclosed in the course of discovery in the Litigation. No person subject to this Order may disclose any Discovery Material to anyone except as this Order expressly permits. All Discovery Material shall be used by the receiving Party solely for purposes of the prosecution or defense of the Litigation, and shall not be used by the receiving Party for any other reason, including any business, commercial, competitive, personal, legal or other purpose separate from the prosecution or defense of the Litigation.

2. Any Party and any third-party shall have the right to designate as confidential and subject to this Order any Discovery Material or a portion of any Discovery Material: (a) that is reasonably believed by the designating Party to contain trade secrets, competitively sensitive technical, marketing, financial, sales, research, development, manufacturing or other confidential business information of a Party or third parties; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, "Confidential Discovery Material"). Any Party or any third-party covered by this Order, who produces or discloses any Confidential Discovery Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL."

3. Any Party and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Discovery Material, or portion of any Discovery Material, including Confidential Discovery Material, that contains particularly sensitive business or personal information, the disclosure of which may cause harm to an individual, or to the business or competitive position of the designating Party. Any Party or any third-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL AND RESTRICTED - ATTORNEYS' EYES ONLY". The Parties agree that, at a minimum, trade secrets and any competitive information that might give a competitor access to confidential and competitively useful information would fall under this category, but other types of information may also be designated hereunder, when appropriate.

4. Any Discovery Material designated either as Confidential or Attorney's Eyes Only shall be deemed "Protected Information" under this Protective Order.

5. No information that is lawfully in the public domain shall be deemed or considered to be Protected Information under this Protective Order.

6. Confidential Discovery Material and its contents may be disclosed only to the following individuals under the following conditions:

   (a) Outside counsel (herein defined as any attorney at the Parties' outside law firms).

   (b) Outside experts or consultants retained by outside counsel for purposes of the Litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Appendix A.

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation;

(f) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed by the Party who produced the information, document or thing, or if the producing Party consents to such disclosure; and

(g) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they agree to maintain confidentiality to the same degree as required by this Protective Order.

7. Confidential Discovery Material shall be accessed only by individuals permitted to access it under Paragraph 6. Confidential Discovery Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

8. Material produced and marked as Attorneys' Eyes Only may be disclosed only to individuals listed in Paragraph 6 (a) – (d) and (f) – (g) of this Protective Order and to such other persons as counsel for the producing Party agrees in advance or as Ordered by the Court.

9. With respect to any depositions that involve a disclosure of any Protected Information of a Party, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated as Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the Parties. The deposition transcript shall be treated as Attorneys' Eyes Only during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those entitled to review Attorneys' Eyes Only documents during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only Discovery Material, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with terms of this Protective Order.

10. If counsel for a Party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

> (a) Counsel for the objecting Party shall serve on the designating Party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or third-party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is

Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court or the Court's or the parties' stipulated Discovery Referee. The proponent of the designation being challenged shall bear the burden of persuasion in any such dispute that the designation meets the applicable standard. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. All documents or information designated as Confidential or Attorneys' Eyes Only filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such documents or information designated as Confidential or Attorneys' Eyes Only, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court, if permitted by the Court. The Parties will use their best efforts to minimize such sealing. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

12. If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing Party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the Protected Information was disclosed that the Protected Information should have been designated Confidential or Attorneys' Eyes Only at any time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Protective Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the receiving Party, or by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms. This Protective Order and the agreements contained in it are procedural only for the purpose of discovery and do not constitute a substantive agreement, or finding by the Court, that any item is, or is not, confidential, secret, privileged, or otherwise proprietary.

16. This Protective Order shall survive the termination of the Litigation and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. Upon final conclusion of the Litigation, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential and Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential and Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a Party requests the return of material designated as Confidential and Attorneys' Eyes Only from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

18. For the avoidance of doubt, no Party shall argue that this Protective Order constitutes a waiver of any rights or alteration of any obligations under any other agreements.

19. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 31, 2024

                                          Andrew Gerber
                                          Counsel for Plaintiff Christina Menzel

Dated: May 31, 2024

                                          Scott Shaw
                                          Counsel for Defendants

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: New York, New York                      _____
June ____, 2024                                    John G. Koeltl
                                                            United States District Judge

# APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CHRISTINA MENZEL, | : | |
| | : | |
| *Plaintiff,* | : | Case No. 1:24-CV-860 (JGK) |
| | : | |
| v. | : | |
| | : | |
| ROADGET BUSINESS PTE. LTD., a Singapore private limited company; ZOETOP BUSINESS CO., LIMITED, a Chinese limited company; FASHION DIRECT CORP., a Delaware corporation; SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN TECHNOLOGY LLC, a Delaware limited liability company; SHEIN US SERVICES, LLC, a Delaware limited liability company; and FASHION CHOICE PTE. LTD., a Singapore private limited company, | : | **NON-DISCLOSURE AGREEMENT** |
| *Defendants*. | | |

I hereby acknowledge that I am to receive information and/or documents designated as Protected Information pursuant to the terms of the Protective Order entered on _____ in this action.

I acknowledge receipt of a copy of the Protective Order, and certify that I have read and understand it. I agree to be bound by the terms and restrictions set forth therein.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York in connection with the enforcement of this Non-Disclosure Agreement and for the purpose of any issue or dispute arising hereunder, and agree that this

Agreement may be enforced against me by the party whose information will be disclosed to me.

Signed under the pains and penalties of perjury this _____ day of _____, 202 __.

_____
(Signature)