

KUSHNIRSKY GERBER PLLC
27 UNION SQUARE WEST, SUITE 301
NEW YORK, NY 10003
kgfirm.com

O:  (212) 882-1320
F:  (917) 398-1487

August 27, 2024

**Via ECF**
The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Menzel v. Roadget Bus. Pte. Ltd. et al.*, 1:24-cv-860 – Defendants' Discovery Violations

Dear Judge Cave,

Plaintiff Christina Menzel ("Plaintiff") files this letter pursuant to the Court's August 20, 2024 Order directing Plaintiff to identify the issues with Defendants' discovery production and discovery responses that require the Court's attention. *See* ECF No. 64.

**I.       Defendants have produced no documents, in violation of the Court's Order**

As of the drafting of this letter on August 27, 2024 at 3:00 pm, Defendants **have not produced any documents** in this case. This is in violation of the Court's August 20, 2024 order that Defendants produce documents before Tuesday, August 27, 2024, so that Plaintiff could review the production and prepare this letter ahead of the Court's August 29, 2024 conference.

On August 22, 2024, Defendants' counsel represented via email that Defendants "will start a rolling production tomorrow." On Friday, August 23, 2024, Defendants' counsel represented via email that he "misspoke" and instead that Defendants "will begin a rolling production next week." Defendants' delays and failures to follow through on their promises are the only constants on which Plaintiff can rely in this case. Plaintiff seeks the Court's assistance in obtaining Defendants' compliance with their discovery obligations and requests that sanctions be ordered against Defendants for their failure to produce documents over three and a half months after they were requested and in violation of this Court's order.[1]

**II.      Defendants refuse to produce the majority of relevant documents in this case**

Among other things, the Court ordered Defendants to notify Plaintiff whether they will produce documents responsive to RFP Nos. 7-9 and 26-38. ECF No. 64.

RFP Nos. 7-9 request policies and procedures regarding any formula, algorithm, program,

---

[1] Plaintiff has attached the Requests for Production ("RFP") and Defendants' Responses and Objections hereto as Exhibit A. Defendants have served identical responses and objections to Plaintiff's RFPs, so Plaintiff has only attached Defendant Roadget Business Pte. Ltd.'s Responses and Objections for the Court's reference.

software, or artificial intelligence ("AI") tool used by Defendants or any third parties "in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products." On August 23, 2024, Defendants' counsel represented via email that, "With respect to AI documents, we will be producing documents that show its use for product review." This response is wholly deficient and does not actually address the information sought in RFP Nos. 7-9. Plaintiff has alleged in her amended complaint that Defendants have used AI to design and create many of the infringing product designs at issue in this case, which are composites of multiple copyrightable elements from Plaintiff's original designs. Plaintiff is entitled to documents that show how Defendants are using AI to perpetuate their rampant infringement. This is particularly important because Plaintiff has recently discovered that one of Defendants' affiliates has obtained a copyright registration for one of these infringing product designs. *See infra* § III.

RFP Nos. 26-32 request documents and communications regarding the publication and display of the infringing products in the United States and around the world, which relate to Plaintiff's allegations that Defendants committed infringing predicate acts in the United States that facilitated Defendants' sale of infringing products outside of the United States, thus entitling Plaintiff to damages for those sales. Defendants' counsel's August 23, 2024 email did not even address these requests as ordered. It appears that Defendants are refusing to produce discovery related to this topic because they dispute that the predicate act doctrine applies in this matter. That is a question for summary judgment. As Defendants have not moved to dismiss these well-pleaded allegations, Plaintiff is entitled to discovery related to her predicate act allegations.

Defendants' August 23, 2024 email also did not address whether Defendants will be producing documents related to Defendants' procedures for setting the price of the infringing products (RFP No. 35), as well as the status/quantity of any remaining infringing product inventory (RFP No. 38). Plaintiff requests that the Court order Defendants to produce these documents.

Although Defendants have yet to produce a single document, Defendants' counsel represented via email on Friday, August 23, 2024 that "the categories of documents we intend to produce next week will include transaction records, supplier agreements, internal database product screenshots, product photos, customer review spreadsheet, and possibly some other documents."

This expected production is wholly insufficient and Defendants are improperly limiting the scope of discovery in this case. Among other things, Defendants' will not produce critical policy and operational documents that illuminate Defendants' years-long infringing conduct as a whole. For context, Plaintiff has alleged that Defendants have sold approximately 140 infringing products on three websites owned and operated by Defendants over the last three years. Plaintiff is entitled to discovery to understand how this infringing conduct has continued, undeterred, for over three years, during which the entities that have owned and operated the websites at issue and the various policies and procedures in place have changed. Plaintiff requests that the Court order Defendants to produce the following documents:

- How defendants designed and/or sourced the alleged infringing products, including all relevant policies, design standards, drafts, and communications between and among Defendants' employees and third parties (RFP Nos. 1, 2, 3, 4, 5, 6,11,12)

2

- Defendants' communications with Plaintiff (including Plaintiff's notifications of infringement and Defendants' responses thereto), as well as Defendants' internal responses to these notifications of infringement (RFP Nos. 16-18)

- Defendants' policies regarding screening for infringement on their sites and documents and communications regarding the implementation of these policies (RFP Nos. 13-15, 40)

- Defendants' policies and procedures regarding responding to notifications of infringement (RFP Nos. 42-43, 47-50, 52-54)

- Defendants' policies and procedures regarding licensing intellectual property and Defendants' efforts to license Plaintiff's designs (RFP Nos. 41, 50)

- The relationship between Defendants and the conduct of each Defendant in the alleged infringement, including Defendants' financial status (RFP Nos. 55-56)

### III. Plaintiff seeks an extension to file a motion for leave to amend

The deadline in the scheduling order by which Plaintiff could add claims or parties was August 13, 2024. *See* ECF No. 59 at 1. On August 22, 2024, Plaintiff discovered that one of Defendants' affiliates obtained a copyright registration for a work titled "satin rose." – the same name as the design featured on 102 of the infringing products sold by Defendants. *See* Amended Complaint [ECF No. 36] ¶¶ 115-127. To investigate these claims, Plaintiff filed an expedited request for records with the Copyright Office to confirm whether the deposit copy submitted with this registration depicts the infringing design at issue. Upon receipt of these records, Plaintiff expects to seek leave to file an amended complaint to add the affiliated entity that registered this design as a defendant and to add claims based on this fraudulent registration of an infringing design. Plaintiff has been informed by the Copyright Office that it could take 15-20 business days for these records to be produced. Plaintiff has also discovered that Defendants have sold additional products that infringe Plaintiff's original designs and will be seeking leave to add these products to the amended complaint as well.

Respectfully,

Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Christina Menzel*

3