**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CHRISTINA MENZEL, | : | |
| | : | |
| *Plaintiff*, | : | Case No. 1:24-cv-860 (JGK) |
| | : | |
| v. | : | |
| | : | |
| ROADGET BUSINESS PTE. LTD., a | : | |
| Singapore private limited company; | : | |
| ZOETOP BUSINESS CO., LIMITED, a | : | |
| Chinese limited company; FASHION | : | |
| DIRECT CORP., a Delaware corporation; | : | |
| SHEIN DISTRIBUTION | : | |
| CORPORATION, a Delaware | : | |
| corporation; SHEIN TECHNOLOGY | : | |
| LLC, a Delaware limited liability | : | |
| company; SHEIN US SERVICES, LLC, a | : | |
| Delaware limited liability company; and | : | |
| FASHION CHOICE PTE. LTD., a | : | |
| Singapore private limited company, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROADGET BUSINESS PTE. LTD.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Christina Menzel ("Plaintiff" or "Menzel") propounds the following First Set of Requests for Production of Documents on Defendant Roadget Business Pte. Ltd. ("Roadget"). All objections, responses, and responsive documents or electronically stored information (as defined by Fed. R. Civ. P. 34(a)) shall be served and/or produced within thirty (30) days of service to Kushnirsky Gerber PLLC, 27 Union Square West, Suite 301, New York, New York 10003.

All documents shall be produced in accordance with the standard procedures of the Southern District of New York, unless otherwise agreed to in writing by the parties. All tangible

things may be produced, as appropriate, in static image form or may be made available for inspection and photographing, and the parties shall meet and confer as necessary to agree upon a date, time, and protocol for such inspection.

The following definitions, which include and incorporate by reference the definitions required by Fed. R. Civ. P. 34(a) and analogous Southern District of New York local rules are applicable to these requests.

## **DEFINITIONS**

1. **Roadget, Defendant, You, or Your.** The terms "Roadget," "Defendant," "You," or "Your" mean Defendant Roadget Business Pte. Ltd. or any other person or entity acting on its behalf.

2. **Menzel or Plaintiff.** The terms "Menzel" or "Plaintiff" mean Plaintiff Christina Menzel.

3. **First Amended Complaint.** The term "First Amended Complaint" means the first amended complaint in the above-captioned action filed in the Southern District of New York on April 29, 2024 [ECF No. 36].

4. **Original Designs.** The term "Original Designs" is as defined in Paragraph 23 of the First Amended Complaint.

5. **Infringing Products.** The term "Infringing Products" includes the 138 products identified in the First Amended Complaint that featured Plaintiff's Original Designs and that Plaintiff alleges were sold without her authorization.

6. **Defendant's websites and mobile applications.** The term "Defendant's websites and mobile applications" include the Shein Website and Shein Mobile App, the Romwe Website

2

and Romwe Mobile App, and the Emmacloth Website, as defined in Paragraph 11 of the First Amended Complaint.

7.      **Sourcing.** The terms "sourcing" shall be broadly defined to include "obtaining," "procuring," "acquiring," "ordering," and "attaining."

8.      **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9.      **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10.      **Tangible Things.** The term "tangible things" means corporal items or property, perceptible to the sense.

11.      **Amended Pleadings.** To the extent Plaintiff files future amended pleadings in this lawsuit, Defendants' continuing obligations to supplement discovery responses should apply to such future amended pleadings and the term "First Amended Complaint" should be deemed to apply to future amended pleadings as well.

12.      **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.      **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date

of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents.

14.    **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, when applicable, its officers, directors, employers, partners, corporate parents, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

15.    **Third Party or Person.** The terms "third party" or "person" are defined as any natural person or any entity other than Plaintiff and any Defendant, and their officers, directors, employers, partners, corporate parents, subsidiaries, or affiliates, including without limitation, any business or governmental entity or association.

16.    **Regarding/Related To.** The terms "regarding," or "related to" shall be broadly defined to require information, documents, or things that directly or indirectly construe, concern, connect, constitute, describe, discuss, explain, identify, pertain, mention, reflect, refer, evidence, represent, or summarize the subject matter.

17.    **All/Any/Each.** The terms "all," any," and "each" shall be each construed as encompassing any and all.

18.    **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19.    **Number.** The use of the singular form of any word includes the plural and vice versa.

20.    Unless otherwise noted, the requests herein shall be limited to the time period of January 2018 through present.

## REQUESTS FOR PRODUCTION

**Request No. 1**

Provide all documents, communications, and tangible things regarding your sourcing of the Infringing Products, including but not limited to all agreements and communications relating to the design, development, creation, manufacturing, and offering for sale of the Infringing Products.

**Request No. 2**

Provide documents and communications sufficient to identify Defendant's employee(s), independent contractor(s), or other persons involved in the design, development, creation, and/or sourcing of the Infringing Products, as well as each employee(s), independent contractor(s), or other person's role in the design, development, creation, and/or sourcing of the Infringing Products.

**Request No. 3**

Provide all communications with any third parties who participated in the design, development, creation, manufacture, sourcing, sale, or offering for sale of the Infringing Products.

**Request No. 4**

Provide all communications and agreements with third parties relating to the Infringing Products, including contracts, purchase orders, and invoices.

**Request No. 5**

Provide all documents, communications, and tangible things regarding the design process for the Infringing Products, including any internal design policies and standards.

**Request No. 6**

Provide all documents relating to the conception, design, development, and creation of the Infringing Products, including but not limited to all drafts, notes, or other documents and communications referenced or created in connection thereto.

**Request No. 7**

Provide all documents, communications, and tangible things regarding any formula, algorithm, program, software, or artificial intelligence tool used by Defendant or any third parties in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products.

**Request No. 8**

Provide all policies and procedures regarding any formula, algorithm, program, software, or artificial intelligence tool used by Defendant in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products.

**Request No. 9**

Provide all guidance given by Defendant to third parties regarding the use of any formula, algorithm, program, software, or artificial intelligence tool used in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products.

**Request No. 10**

Provide all documents which constitute, show, reflect, or relate to any and all representations or warranties that were made by any and all person(s) to You regarding the creation of the Infringing Products and the ownership of the intellectual property thereof.

**Request No. 11**

Provide all documents and tangible things regarding any intermediate and final samples of the Infringing Products before they were offered for sale, and any communications regarding same.

**Request No. 12**

Provide all documents which constitute, show, or reflect any and all communications between You and any third parties, including but not limited to, vendors, manufacturers, distributors, resellers, retailers, customers, or purchasers, regarding the Infringing Products.

**Request No. 13**

Provide all documents, communications, and tangible things which constitute, show, or reflect Your access to the Original Designs.

**Request No. 14**

Provide all documents, communications, and tangible things which constitute, show, or reflect Your knowledge of Plaintiff's ownership of the copyright in the Original Designs, including any due diligence performed by You regarding the ownership of the copyright in the Original Designs before the Infringing Products were displayed, offered for sale, or sold on Your websites or mobile applications.

**Request No. 15**

Provide all documents relating to any copyright search, investigation, or any other inquiry conducted by or for You relating to Plaintiff or the Original Designs.

**Request No. 16**

Provide all communications between Plaintiff and Defendant, including but not limited to communications regarding the Original Designs, and Plaintiff's ownership of the copyright in the Original Designs.

**Request No. 17**

Provide all communications between Plaintiff and Defendant regarding the Infringing Products.

**Request No. 18**

Provide all documents which constitute, show, or reflect Your communications, including those with any third parties, regarding the Original Designs and/or Plaintiff's ownership of the copyright in the Original Designs.

**Request No. 19**

Provide all documents that refer to or reflect all SKU numbers or internal identifiers assigned to the Infringing Products.

**Request No. 20**

Provide all documents that refer to or reflect all SKU numbers or other internal identifiers assigned to any products You offered for sale and/or sold that incorporate or include in whole or in part any of the Original Designs.

**Request No. 21**

Provide a sample of all products You offered for sale and/or sold that incorporate or include in whole or in part any of the Original Designs, including the Infringing Products, which are now, or were ever, in Your possession.

**Request No. 22**

Provide all documents, communications, and tangible things regarding Your marketing and/or promotion of the Infringing Products to consumers in the United States and around the world.

**Request No. 23**

Provide all documents, communications, and tangible things regarding Your marketing and/or promotion of the Infringing Products on social media, including material that is only temporarily accessible, such as on Instagram and TikTok "stories."

**Request No. 24**

      Provide all documents, communications, and tangible things regarding any special promotions, offers, or discounts relating to Your sales of the Infringing Products.

**Request No. 25**

      Provide all documents, communications, and tangible things sufficient to identify any instances where one of the Infringing Products was offered for sale as part of a set, with other products, or with other Infringing Products.

**Request No. 26**

      Provide all documents, communications, and tangible things regarding the creation and publication of any webpage, owned and/or operated by Defendant or any other defendants or affiliates that displayed or offered for sale the Infringing Products in the United States and around the world.

**Request No. 27**

      Provide all documents, communications, and tangible things regarding the creation of any images or photographs used to market, sell, or display the Infringing Products, including those displayed on Defendant's websites and mobile applications in the United States and around the world.

**Request No. 28**

      Provide all documents, communications, and tangible things regarding Defendant's storage of any images or photographs used to market, sell, or display the Infringing Products.

**Request No. 29**

Provide documents, communications, and tangible things sufficient to identify the location of servers used by Defendant to store any images or photographs used to market, sell, or display the Infringing Products.

**Request No. 30**

Provide all documents, communications, and tangible things regarding the publication or display of any images or photographs used to market, sell, or display the Infringing Products on Defendant's websites and mobile applications in the United States and around the world.

**Request No. 31**

Provide documents sufficient to identify all employee(s) and independent contractor(s) involved in the storage, reproduction, publication, and display of the images and photographs of the Infringing Products and the product pages of the Infringing Products on Defendant's websites and mobile applications.

**Request No. 32**

Provide documents sufficient to identify all employee(s) and independent contractor(s) involved in the reproduction, publication, distribution, public display, advertisement, sale, or other use of the Infringing Products.

**Request No. 33**

Provide all documents referring or relating to Your distribution and sale of the Infringing Products, including but not limited to all purchase orders, invoices, sales receipts, sales summaries, and financial records, in the United States and around the world.

**Request No. 34**

Provide documents sufficient to identify each price at which the Infringing Products were sold and any changes in the price at which the Infringing Products were sold in the United States and around the world.

**Request No. 35**

Provide all documents, communications, and tangible things regarding Defendant's procedure for setting the price at which the Infringing Products were offered and sold in the United States and around the world.

**Request No. 36**

Provide all documents which constitute, show, or reflect Your gross revenues received from sales of the Infringing Products in the United States and around the world.

**Request No. 37**

Provide all documents which constitute, show, or reflect the quantity of Infringing Products that You have sold, including but not limited to documents that show the date of each sale, in the United States and around the world.

**Request No. 38**

Provide all documents, communications, and tangible things which constitute, show, or reflect the volume, location, or status of any and all unsold Infringing Products that were or are in Your possession, custody, or control.

**Request No. 39**

Provide all documents, communications, and tangible things related to any cost or expense upon which You may intend to rely in connection with damages calculations and potential offsets and deductions in the calculations thereof.

**Request No. 40**

Provide documents, communications, and tangible things sufficient to identify any and all screening processes You employ to prevent copyright infringement for products you design, develop, create, manufacture, purchase, distribute, source, offer for sale, or sell.

**Request No. 41**

Provide all documents, communications, and tangible things, evidencing policies, concerning the licensing of images, artwork, and designs used on products You design, develop, create, manufacture, purchase, distribute, source, offer for sale, or sell.

**Request No. 42**

Provide non-privileged documents, communications, and tangible things sufficient to identify any procedures You have to respond to notice of copyright infringement, including but not limited to the recall or removal of products.

**Request No. 43**

Provide all communications with Plaintiff or counsel for Plaintiff, including but not limited to discussion of any agreements, contracts or other offers concerning licensing Plaintiff's creative works.

**Request No. 44**

Provide all non-privileged communications with any third parties regarding the instant dispute.

**Request No. 45**

Provide all non-privileged communications with any other defendants regarding the instant dispute.

**Request No. 46**

Provide all internal non-privileged communications regarding the instant dispute.

**Request No. 47**

Provide all non-privileged documents, communications, and tangible things relating to Your responses to notifications of copyright infringement regarding the Infringing Products.

**Request No. 48**

Provide all documents, communications, and tangible things regarding Your claimed removal of the Infringing Products from Your websites and mobile applications after receiving each one of Plaintiff's takedown demands or notices of infringement.

**Request No. 49**

Provide all documents, communications and tangible things regarding Your continued display and offering for sale of the Infringing Products after receiving each one of Plaintiff's takedown demands or notices of infringement.

**Request No. 50**

Provide all documents relating to Your policies and procedures regarding third-party intellectual property rights.

**Request No. 51**

Provide all documents, communications, and tangible things regarding any disciplinary or other corrective actions You have taken against any third parties, including Your suppliers, in connection with accusations of intellectual property infringement, including but not limited to alleged infringement of any of Plaintiff's Original Designs.

**Request No. 52**

Provide all documents, communications, and tangible things regarding any actions You have taken to avoid repeat and/or continued infringement of Plaintiff's creative works, including but not limited to the Original Designs.

**Request No. 53**

Provide all documents, communications, and tangible things regarding any internal action(s) You have taken to prevent infringement of Plaintiff's creative works, including but not limited to the Original Designs.

**Request No. 54**

Provide all documents relating to Your policies and procedures for terminating your relationship with third parties or otherwise sanctioning such parties, including Your suppliers, who have repeatedly supplied You with designs or products that were accused of infringing the intellectual property rights of others.

**Request No. 55**

Provide documents, communications, and tangible things sufficient to identify the corporate relationship between You and the other defendants in this lawsuit.

**Request No. 56**

Provide financial statements, tax returns, and other documents sufficient to identify Your total annual revenues, profits, expenses, and assets for 2018 through present.

**Request No. 57**

Provide documents sufficient to identify computer software systems networks, databases, and other technological or document-sharing platforms or hardware that contain, house, manage, or access any of the documents requested herein.

**Request No. 58**

Provide all documents, communications, and tangible things that You intend to use to support any motion or affirmative defenses that may be asserted by You in Your responsive pleading in this lawsuit.

**Request No. 59**

Provide copies of all insurance agreements that may be applicable to this lawsuit.

**Request No. 60**

Provide copies of all agreements containing indemnification provisions that may be triggered by this lawsuit, or under which You may have indemnification obligations to or from any other defendants or third parties in connection with this lawsuit.

**Request No. 61**

Provide documents, communications, and tangible things sufficient to identify all persons that were either involved in the acts alleged in the First Amended Complaint or who witnessed or have knowledge of the acts alleged in the First Amended Complaint filed in this lawsuit.

**Request No. 62**

Provide documents, communications, and tangible things sufficient to identify all custodians of documents you produce in this lawsuit.

**Request No. 63**

Provide all documents relating to any and all Affirmative Defenses You have asserted in responsive pleadings in this Action.

Dated:    New York, New York          Respectfully Submitted,
          May 15, 2024
                                      KUSHNIRSKY GERBER PLLC

                                      By: _____
                                      Andrew Gerber
                                      Vanessa Sorrentino
                                      andrew@kgfirm.com

vanessa@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Christina*
*Menzel*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, a true and accurate copy of the foregoing document

was served via email to all counsel of record.

Andrew Gerber
andrew@kgfirm.com
Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003
Telephone: (212) 882-1320
*Attorneys for Plaintiff Christina*
*Menzel*

16

Peter A. Gergely (NY Bar #5671458)
pgergely@merchantgould.com
Merchant & Gould P.C.
500 Fifth Avenue, Suite 4100
New York, NY 10110
212.223.6520

Scott P. Shaw (*Pro Hac Vice*)
sshaw@merchantgould.com
Merchant & Gould P.C.
8383 Wilshire Blvd., Ste. 935
Beverly Hills, CA 90211
949.330.0202

Leighton Zhao (*Pro Hac Vice*)
lzhao@merchantgould.com
Merchant & Gould P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
612.332.5300

*Attorneys for Defendant*
*Roadget Business Pte. Ltd.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTINA MENZEL, | ) | Case No. 1:24-cv-860-JGK |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ROADGET BUSINESS PTE. LTD.'S** |
| v. | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **FIRST SET OF REQUESTS FOR** |
| ROADGET BUSINESS PTE. LTD., a | ) | **PRODUCTION** |
| Singapore private limited company; | ) | |
| ZOETOP BUSINESS CO., LIMITED, a | ) | |
| Chinese limited company; SHEIN US | ) | |
| SERVICES, LLC, a Delaware limited | ) | |
| liability company; FASHION DIRECT | ) | |
| CORP., a Delaware corporation; | ) | |
| FASHION CHOICE PTE. LTD., a | ) | |
| Singapore private limited company; and | ) | |
| SHEIN DISTRIBUTION | ) | |
| CORPORATION, a Singapore | ) | |
| corporation, SHEIN TECHNOLOGY | ) | |

1

| LLC, a Delaware limited liability Company, | ) |
|---|---|
|  | ) |
| Defendants. | ) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Roadget Business Pte. Ltd. ("Roadget"), through its undersigned attorneys, hereby responds to Plaintiff Christina Menzel's ("Plaintiff" or "Menzel") First Set of Requests for Production.

## GENERAL OBJECTIONS

1.  Roadget objects to these requests because the term "third parties" is vague and ambiguous. Plaintiff's definition of "You" and "Your" appears to unambiguously refer specifically to Roadget and not to the Defendants collectively. However, Plaintiff differentiates between "You," "other defendants," and "third parties" in Request for Production No. 60. Roadget understands "You" or "Your" to specifically refer to Roadget, as stated in Plaintiff's definitions. Roadget understands "third parties" to mean "Persons" other than any Defendant.

2.  Roadget objects to these requests because the term "Original Designs" either improperly assumes originality of the entire design or prematurely calls for expert opinion regarding which elements are original in the designs shown in Paragraph 23 of the First Amended Complaint. Roadget's use of the term "Original Designs" should not be construed as an admission of originality.

3.  Roadget objects to these requests because the term "Infringing Products" improperly assumes infringement. Roadget's use of the term "Infringing Products" should not be construed as admission of infringement.

4.  Roadget objects to these requests to the extent they seek information subject to and protected by privilege or immunity from discovery, including but not limited to the attorney-client privilege and work product immunity. To the extent Plaintiff's requests can be construed to seek

such information, Roadget objects and will provide only non-privileged and non-immune information.

5.      Roadget objects to these requests to the extent the requested information is not relevant to any claim or defense any party. By providing any of the information requested, however, Roadget does not concede the relevance thereof to this proceeding.

6.      Roadget objects to each discovery request to the extent it is unduly burdensome and expansive, taking into account the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.      Roadget objects to each discovery request to the extent it seeks information already known to Plaintiff, already in possession of Plaintiff, or available to Plaintiff from documents in its own files, testing, or from public sources, on the ground that the discovery request is unnecessary, unduly burdensome and expansive, and fails to comply with the proportionality standards of Fed. R. Civ. P. 26(b)(1).

8.      Roadget objects to each discovery request to the extent it seeks information not in Roadget's possession, custody, or control.

9.      Roadget objects to the use in these requests of the words "all" and "any" insofar as they seek every fact, every instance, every event, or every person relating to the subject matter of the request. Literal compliance is impossible in most instances and, in others, imposes a burden and expense that outweighs any likely benefit. Roadget seeks to provide fair and accurate responses to the discovery requests, subject to any objections, in accordance with the Federal Rules of Civil Procedure.

10.     Roadget objects to each request to the extent it is vague and ambiguous. Notwithstanding and without waiving this objection, if Roadget is able to ascertain the nature of information being requested, Roadget will make reasonable efforts to answer the discovery request in question. Where a request is objected to as vague and ambiguous, other objections are reserved until the meaning is clarified.

11.     Roadget has responded to these requests based upon its understanding of these requests, and to the best of its knowledge and recollection as of the date these responses were served. Roadget reserves the right to provide supplemental responses should they become appropriate.

Subject to the General Objections outlined above and the more specific objections set forth below, Roadget answers as follows:

## REQUESTS FOR PRODUCTION

**Request No. 1.**

Provide all documents, communications, and tangible things regarding your sourcing of the Infringing Products, including but not limited to all agreements and communications relating to the design, development, creation, manufacturing, and offering for sale of the Infringing Products.

**Response No. 1.**

Roadget incorporates its General Objections. Roadget further objects to this request because the terms "regarding" and "sourcing" are undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 2.**

Provide documents and communications sufficient to identify Defendant's employee(s), independent contractor(s), or other persons involved in the design, development, creation, and/or sourcing of the Infringing Products, as well as each employee(s), independent contractor(s), or other person's role in the design, development, creation, and/or sourcing of the Infringing Products.

**Response No. 2.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome to the extent it seeks the identity of "employee(s), independent contractor(s), or other persons" no matter how *de minimis* or attenuated the person's "involve[ment]." Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 3.**

Provide all communications with any third parties who participated in the design, development, creation, manufacture, sourcing, sale, or offering for sale of the Infringing Products.

**Response No. 3.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all communications," not representative or sufficient communications. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all communications" with any third parties who participated in the design, development, creation, manufacture, sourcing, sale, or offering for sale of the Infringing Products, regardless of whether the communications pertain to "design, development, creation, manufacture, sourcing, sale, or offering for sale of the Infringing Products." Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client

privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 4.**

Provide all communications and agreements with third parties relating to the Infringing Products, including contracts, purchase orders, and invoices.

**Response No. 4.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all communications and agreements," not representative or sufficient communications and agreements. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all communications and agreements with any third parties "relating to" the Infringing Products, which could encompass a potentially limitless scope, including communications and agreements that are not relevant to any claim or defense in this case. Roadget further objects to this request as overbroad, unduly burdensome, and disproportionate to the issues in suit based on the call for all communications, purchase orders, and invoices referring to or concerning the Infringing Products. Literal compliance would require collecting and reviewing a great volume of documents and would impose on Roadget a burden that grossly outweighs their probative value, particularly in view of the transaction data that will be produced. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control. Roadget further objects to this request to the extent it seeks

documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 5.**

Provide all documents, communications, and tangible things regarding the design process for the Infringing Products, including any internal design policies and standards.

**Response No. 5.**

Roadget incorporates its General Objections. Roadget further objects to this request because the term "regarding" is undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 6.**

Provide all documents relating to the conception, design, development, and creation of the Infringing Products, including but not limited to all drafts, notes, or other documents and communications referenced or created in connection thereto.

**Response No. 6.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable. Roadget further objects to this request to the extent it seeks documents that are not within its possession, custody, or control.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 7.**

Provide all documents, communications, and tangible things regarding any formula, algorithm, program, software, or artificial intelligence tool used by Defendant or any third parties in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products.

**Response No. 7.**

Roadget incorporates its General Objections. Roadget further objects to this request because the term "regarding" is undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated

9

to lead to the discovery of admissible evidence. Specifically, this request seeks "**all** documents . . . . regarding any formula, algorithm, program, software, or artificial intelligence tool used . . . in in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products," which encompasses documents relating to the use of said formulas, algorithms, programs, software, and artificial intelligence tools in contexts that have no relevance to a claim or defense of any party (*i.e.*, if Roadget or a third party used Internet Explorer for the sale or offering for sale of the Infringing Products, any document "regarding" Internet Explorer would be subject to this request). Roadget further objects that the terms "formula," "algorithm," and "program," are undefined, and therefore vague and ambiguous. Roadget further objects to this request as invasive discovery into Roadget's information technology systems and related internal business practices and not proportionate to the needs of the case, which involves a relatively small number of products. Moreover, the details of any such "formula," "algorithm," or "program" bear no connection to any of the issues in suit and are among Roadget's most proprietary trade secrets, thereby imposing an unduly and tremendously disproportionate burden on Roadget. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to any without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 8.**

Provide all policies and procedures regarding any formula, algorithm, program, software, or artificial intelligence tool used by Defendant in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products.

**<u>Response No. 8.</u>**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 7. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Specifically, this request seeks "**<u>all</u>** documents . . . regarding any formula, algorithm, program, software, or artificial intelligence tool used . . . in in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products," which encompasses documents relating to the use of said formulas, algorithms, programs, software, and artificial intelligence tools in contexts that have no relevance to a claim or defense of any party (*i.e.*, if Roadget or a third party used Internet Explorer for the sale or offering for sale of the Infringing Products, any policy "regarding" Internet Explorer would be subject to this request). Roadget further objects that the terms "formula," "algorithm," and "program," are undefined, and therefore vague and ambiguous. Roadget further objects to this request as invasive discovery into Roadget's information technology systems and related internal business practices and not proportionate to the needs of the case, which involves a relatively small number of products. Moreover, the details of any such "formula," "algorithm," or "program" bear no connection to any of the issues in suit and are among Roadget's most proprietary trade secrets, thereby imposing an unduly and tremendously disproportionate burden on Roadget. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to any without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 9.**

Provide all guidance given by Defendant to third parties regarding the use of any formula, algorithm, program, software, or artificial intelligence tool used in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products.

**Response No. 9.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 7. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Specifically, this request seeks "**all** documents . . . regarding any formula, algorithm, program, software, or artificial intelligence tool used . . . in in the design, development, creation, manufacture, sale, and offering for sale of the Infringing Products," which encompasses documents relating to the use of said formulas, algorithms, programs, software, and artificial intelligence tools in contexts that have no relevance to a claim or defense of any party (*i.e.*, if Roadget or a third party used Internet Explorer for the sale or offering for sale of the Infringing Products, any guidance "regarding" Internet Explorer would be subject to this request). Roadget further objects that the terms "formula," "algorithm," and "program," are undefined, and therefore vague and ambiguous. Roadget further objects to this request as invasive discovery into Roadget's information technology systems and related internal business practices and not proportionate to the needs of the case, which involves a relatively small number of products. Moreover, the details of any such "formula," "algorithm," or "program" bear no connection to any of the issues in suit and are among Roadget's most proprietary trade secrets, thereby imposing an unduly and tremendously disproportionate burden on Roadget. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

12

Subject to any without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 10.**

Provide all documents which constitute, show, reflect, or relate to any and all representations or warranties that were made by any and all person(s) to You regarding the creation of the Infringing Products and the ownership of the intellectual property thereof.

**Response No. 10.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus discoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 11.**

Provide all documents and tangible things regarding any intermediate and final samples of the Infringing Products before they were offered for sale, and any communications regarding same.

**Response No. 11.**

Roadget incorporates its General Objections. Roadget further objects to this request because the term "regarding" is undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-

client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: No responsive, non-privileged documents exist. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 12.**

Provide all documents which constitute, show, or reflect any and all communications between You and any third parties, including but not limited to, vendors, manufacturers, distributors, resellers, retailers, customers, or purchasers, regarding the Infringing Products.

**Response No. 12.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 3. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents . . . regarding the Infringing Products," regardless of the relevance of those documents to any claim or defense in this case. Roadget further objects to this request because the phrase "documents which constitute, show, or reflect . . . communications" is vague and ambiguous. It is unclear what documents, other than responsive communications, this request seeks. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus discoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 13.**

Provide all documents, communications, and tangible things which constitute, show, or reflect Your access to the Original Designs.

**Response No. 13.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request because it requires Roadget to form a legal conclusion regarding whether documents "constitute, show, or reflect . . . access." Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: To the extent this request is understood, non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 14.**

Provide all documents, communications, and tangible things which constitute, show, or reflect Your knowledge of Plaintiff's ownership of the copyright in the Original Designs, including any due diligence performed by You regarding the ownership of the copyright in the Original Designs before the Infringing Products were displayed, offered for sale, or sold on Your websites or mobile applications.

**Response No. 14.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request because it assumes Plaintiff's

15

ownership of the Original Designs. Roadget further objects that the term "due diligence" is undefined, and therefore vague and ambiguous. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 15.**

Provide all documents relating to any copyright search, investigation, or any other inquiry conducted by or for You relating to Plaintiff or the Original Designs.

**Response No. 15.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 16.**

Provide all communications between Plaintiff and Defendant, including but not limited to communications regarding the Original Designs, and Plaintiff's ownership of the copyright in the Original Designs.

**Response No. 16.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks information regarding "all communications between Plaintiff and Defendant," regardless of their relevance to a claim or defense of any party. Roadget further objects to this request because the term "regarding" is undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects to this request as unduly burdensome because it seeks documents that are already in Plaintiff's possession.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: All responsive documents are already in Plaintiff's possession. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 17.**
Provide all communications between Plaintiff and Defendant regarding the Infringing Products.

**Response No. 17.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 16. Roadget further objects to this request because the term "regarding" is undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects to this request as unduly burdensome because it seeks documents that are already in Plaintiff's possession.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: All responsive documents are already in Plaintiff's possession. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 18.**

Provide all documents which constitute, show, or reflect Your communications, including those with any third parties, regarding the Original Designs and/or Plaintiff's ownership of the copyright in the Original Designs.

**Response No. 18.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request because the phrase "documents which constitute, show, or reflect . . . communications" is vague and ambiguous. It is unclear what documents, other than responsive communications, this request seeks. Roadget further objects to this request because the term "regarding" is undefined, and therefore vague and ambiguous. Roadget understands "regarding" to mean "concerning" as defined by Plaintiff. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 19.**

Provide all documents that refer to or reflect all SKU numbers or internal identifiers assigned to the Infringing Products.

**Response No. 19.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents that refer to . . . SKU numbers,"

not representative or sufficient documents. Roadget further objects to this request as unduly burdensome because it seeks information that Plaintiff already possesses. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Documents sufficient to identify the SKU numbers assigned to the alleged Infringing Products will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 20.**

Provide all documents that refer to or reflect all SKU numbers or other internal identifiers assigned to any products You offered for sale and/or sold that incorporate or include in whole or in part any of the Original Designs.

**Response No. 20.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents that refer to . . . SKU numbers," not representative or sufficient documents. Roadget further objects to this request because it inappropriately shifts the burden of proof from Plaintiff to Roadget. Roadget further objects to this request because it requires Roadget to form a legal conclusion as to "incorporat[ion] or inclu[sion]" of the Original Designs. Roadget further objects to this request as unduly burdensome because it seeks information that is publicly available, and therefore as available to Plaintiff as Roadget. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Documents sufficient to identify the SKU numbers assigned to the alleged

Infringing Products will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 21.**

Provide a sample of all products You offered for sale and/or sold that incorporate or include in whole or in part any of the Original Designs, including the Infringing Products, which are now, or were ever, in Your possession.

**Response No. 21.**

Roadget incorporates its General Objections. Roadget further objects to this request to the extent it seeks samples which are no longer in Roadget's possession, custody, or control. Roadget further objects to this request because the provision of samples is overly burdensome, duplicative of other evidence (e.g., photos), and disproportionate to the needs of this case. Roadget further objects to this request because it inappropriately shifts the burden of proof from Plaintiff to Roadget. Roadget further objects to this request because it requires Roadget to form a legal conclusion as to "incorporat[ion] or inclu[sion]" of the Original Designs. Roadget further objects to this request as unduly burdensome to the extent that Plaintiff has already purchased a sample of any of the accused products.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Samples of the alleged Infringing Products to the extent any are in Roadget's possession, will be made available for inspection. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 22.**

Provide all documents, communications, and tangible things regarding Your marketing and/or promotion of the Infringing Products to consumers in the United States and around the world.

**Response No. 22.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to marketing efforts directed to consumers in the United States. Roadget further objects to this request as vague and ambiguous because "marketing and promotion" is undefined. Roadget understands the scope of the request to be limited to materials used to market and/or promote the Infringing Products, specifically, such as the product-specific webpages for the Infringing Products. Roadget further objects to this request to the extent it seeks documents that are publicly available and therefore as available to Plaintiff as Roadget. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 23.**

Provide all documents, communications, and tangible things regarding Your marketing and/or promotion of the Infringing Products on social media, including material that is only temporarily accessible, such as on Instagram and TikTok "stories."

**Response No. 23.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 22. Roadget further objects to this request as overbroad to the extent it is not limited to marketing efforts directed to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are publicly available and therefore as available to Plaintiff as Roadget. Roadget further objects to this request to the

extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 24.**

Provide all documents, communications, and tangible things regarding any special promotions, offers, or discounts relating to Your sales of the Infringing Products.

**Response No. 24.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome to the extent it is not limited to sales to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 25.**

Provide all documents, communications, and tangible things sufficient to identify any instances where one of the Infringing Products was offered for sale as part of a set, with other products, or with other Infringing Products.

**<u>Response No. 25.</u>**

Roadget incorporates its General Objections. Roadget further objects to this request as vague and ambiguous because it seeks "**<u>all</u>** documents . . . **<u>sufficient</u>** to identify." Roadget understands this request to seek sufficient documents, only. Roadget further objects to this request as overbroad to the extent it is not limited to sales to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus discoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: No responsive, non-privileged documents exist. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**<u>Request No. 26.</u>**

Provide all documents, communications, and tangible things regarding the creation and publication of any webpage, owned and/or operated by Defendant or any other defendants or affiliates that displayed or offered for sale the Infringing Products in the United States and around the world.

**<u>Response No. 26.</u>**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all" not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to displays or offers for sale in the United States. Roadget further objects to this request to the extent it seeks information not in its possession, custody, or control. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 27.**

Provide all documents, communications, and tangible things regarding the creation of any images or photographs used to market, sell, or display the Infringing Products, including those displayed on Defendant's websites and mobile applications in the United States and around the world.

**Response No. 27.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to displays in the United States. Roadget objects to this request as overbroad and unduly burdensome because it is not limited to "images or photographs" created by Roadget (or Defendants collectively). Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 28.**

Provide all documents, communications, and tangible things regarding Defendant's storage of any images or photographs used to market, sell, or display the Infringing Products.

**Response No. 28.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome to the extent it is not limited to storage of images or photographs used to market, sell, or display the Infringing Products in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 29.**

Provide documents, communications, and tangible things sufficient to identify the location of servers used by Defendant to store any images or photographs used to market, sell, or display the Infringing Products.

**Response No. 29.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative or Request for Production No. 28. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome to the extent it is not limited to storage of images or photographs used to market, sell, or display the Infringing Products in the United States. Roadget further objects to this request to

the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 30.**

Provide all documents, communications, and tangible things regarding the publication or display of any images or photographs used to market, sell, or display the Infringing Products on Defendant's websites and mobile applications in the United States and around the world.

**Response No. 30.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to the publication or display of images or photographs used to market, sell, or display the Infringing Products in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 31.**

Provide documents sufficient to identify all employee(s) and independent contractor(s) involved in the storage, reproduction, publication, and display of the images and photographs of the Infringing Products and the product pages of the Infringing Products on Defendant's websites and mobile applications.

**Response No. 31.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome to the extent it seeks the identity of "employee(s), independent contractor(s), or other persons" no matter how *de minimis* or attenuated the person's "involve[ment]." Roadget further objects to this request as overbroad and unduly burdensome to the extent it is not limited to the publication or display of images or photographs used to market, sell, or display the Infringing Products in the United States.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 32.**

Provide documents sufficient to identify all employee(s) and independent contractor(s) involved in the reproduction, publication, distribution, public display, advertisement, sale, or other use of the Infringing Products.

**Response No. 32.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 31. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery

of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome to the extent it seeks the identity of "employee(s), independent contractor(s), or other persons" no matter how *de minimis* or attenuated the person's "involve[ment]." Roadget further objects to this request as overbroad and unduly burdensome to the extent it is not limited to the publication or display of images or photographs used to market, sell, or display the Infringing Products in the United States.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request unless the parties can agree to a reasonable scope of this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 33.**

Provide all documents referring or relating to Your distribution and sale of the Infringing Products, including but not limited to all purchase orders, invoices, sales receipts, sales summaries, and financial records, in the United States and around the world.

**Response No. 33.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all" documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad, unduly burdensome, and disproportionate to the issues in suit based on the call for all purchase orders, invoices, sales receipts, sales summaries, and financial records referring to or concerning the Infringing Products. Literal compliance would require collecting and reviewing a great volume of documents and would impose on Roadget a burden that grossly outweighs their probative value, particularly in view of the transaction data that will be produced.Roadget further objects to this

request as overbroad and unduly burdensome because it is not limited to sales to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will produce sales data sufficient to show all transactions of the alleged Infringing Products in the United States. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 34.**

Provide documents sufficient to identify each price at which the Infringing Products were sold and any changes in the price at which the Infringing Products were sold in the United States and around the world.

**Response No. 34.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 33. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to sales to consumers in the United States.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will produce sales data sufficient to show each price at which the Infringing Products were sold in the United States. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 35.**

Provide all documents, communications, and tangible things regarding Defendant's procedure for setting the price at which the Infringing Products were offered and sold in the United States and around the world.

**Response No. 35.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to sales to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections of the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 36.**

Provide all documents which constitute, show, or reflect Your gross revenues received from sales of the Infringing Products in the United States and around the world.

**Response No. 36.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 33. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to sales to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will produce sales data sufficient to show its gross revenues received from sales of the alleged Infringing Products in the United States. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 37.**

Provide all documents which constitute, show, or reflect the quantity of Infringing Products that You have sold, including but not limited to documents that show the date of each sale, in the United States and around the world.

**Response No. 37.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Request for Production No. 33. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it is not limited to sales to consumers in the United States. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will produce sales data sufficient to show the quantity and dates of sales of the alleged Infringing Products in the United States. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 38.**

Provide all documents, communications, and tangible things which constitute, show, or reflect the volume, location, or status of any and all unsold Infringing Products that were or are in Your possession, custody, or control.

**Response No. 38.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks production of "all . . . tangible things," which includes all of the unsold Infringing Products that are the subject of this request. Roadget further objects to this request as overbroad and unduly burdensome because it seeks documents related to "all unsold Infringing Products" and is therefore not limited to goods that have entered the United States. Roadget further objects to this request because the terms "volume" and "status" are undefined, vague, and ambiguous. Roadget further objects to this request because the phrase "that were or are in Your possession, custody, or control" is vague and ambiguous. It is unclear whether this phrase refers to Roadget's possession, custody, or control of unsold products or documents. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 39.**

Provide all documents, communications, and tangible things related to any cost or expense upon which You may intend to rely in connection with damages calculations and potential offsets and deductions in the calculations thereof.

**Response No. 39.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative or

sufficient documents. Roadget further objects to this request because it requires Roadget to form a legal conclusion regarding "offsets and deductions" and/or prematurely calls for expert opinion regarding the same. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 40.**

Provide documents, communications, and tangible things sufficient to identify any and all screening processes You employ to prevent copyright infringement for products you design, develop, create, manufacture, purchase, distribute, source, offer for sale, or sell.

**Response No. 40.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus discoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 41.**

Provide all documents, communications, and tangible things, evidencing policies, concerning the licensing of images, artwork, and designs used on products You design, develop, create, manufacture, purchase, distribute, source, offer for sale, or sell.

**Response No. 41.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 42.**

Provide non-privileged documents, communications, and tangible things sufficient to identify any procedures You have to respond to notice of copyright infringement, including but not limited to the recall or removal of products.

**Response No. 42.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome because it seeks information regarding notices of infringement unrelated to the asserted designs or Infringing Products that are at issue in this case.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 43.**

Provide all communications with Plaintiff or counsel for Plaintiff, including but not limited to discussion of any agreements, contracts or other offers concerning licensing Plaintiff's creative works.

**Response No. 43.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Requests for Production Nos. 16 and 17. Roadget further objects to this request as overbroad and unduly burdensome because it seeks information regarding "all communications with Plaintiff or counsel for Plaintiff," regardless of their relevance to a claim or defense of any party. Roadget further objects to this request as unduly burdensome because it seeks documents that are already in Plaintiff's possession. Roadget further objects to this request as overbroad and unduly burdensome to the extent it seeks production of communications that are inadmissible under Fed. R. Evid. 408 and are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: All responsive documents are already in Plaintiff's possession. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 44.**

Provide all non-privileged communications with any third parties regarding the instant dispute.

**Response No. 44.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all . . . communications," not representative or sufficient communications. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged communications responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 45.**

Provide all non-privileged communications with any other defendants regarding the instant dispute.

**Response No. 45.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all . . . communications," not representative or sufficient communications. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: No responsive communications exist. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 46.**

Provide all internal non-privileged communications regarding the instant dispute.

**Response No. 46.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all . . . communications" not representative or sufficient communications. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: No responsive communications exist. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 47.**

Provide all non-privileged documents, communications, and tangible things relating to Your responses to notifications of copyright infringement regarding the Infringing Products.

**Response No. 47.**

Roadget incorporates its General Objections. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request because the term "responses" is undefined, vague, and ambiguous.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: All responsive documents are already in Plaintiff's possession. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 48.**

Provide all documents, communications, and tangible things regarding Your claimed removal of the Infringing Products from Your websites and mobile applications after receiving each one of Plaintiff's takedown demands or notices of infringement.

**Response No. 48.**

Roadget incorporates its General Objections. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request because the phrase "Your website or mobile application" is undefined, vague, and ambiguous. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged communications responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 49.**

Provide all documents, communications and tangible things regarding Your continued display and offering for sale of the Infringing Products after receiving each one of Plaintiff's takedown demands or notices of infringement.

**Response No. 49.**

Roadget incorporates its General Objections. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all" documents," not representative documents. Roadget further objects to this request because it improperly assumes "continued display and offering for sale of the Infringing Products." Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: No responsive, non-privileged documents exist. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 50.**

Provide all documents relating to Your policies and procedures regarding third-party intellectual property rights.

**Response No. 50.**

Roadget incorporates its General Objections. Roadget further objects to this request as overbroad and unduly burdensome because it seeks "all documents," not representative documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request as overbroad and unduly burdensome because it seeks information regarding intellectual property that is not at issue in this case, including intellectual property other than copyright. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 51.**

Provide all documents, communications, and tangible things regarding any disciplinary or other corrective actions You have taken against any third parties, including Your suppliers, in connection with accusations of intellectual property infringement, including but not limited to alleged infringement of any of Plaintiff's Original Designs.

**Response No. 51.**

Roadget incorporates its General Objections. Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or

defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks information regarding (1) non-copyright accusations, and (2) accusations regarding designs that are not at issue in this case. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 52.**

Provide all documents, communications, and tangible things regarding any actions You have taken to avoid repeat and/or continued infringement of Plaintiff's creative works, including but not limited to the Original Designs.

**Response No. 52.**

Roadget incorporates its General Objections. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects that this request is unduly burdensome because it requires Roadget to form a legal conclusion regarding ownership and infringement of a particular design. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 53.**

Provide all documents, communications, and tangible things regarding any internal action(s) You have taken to prevent infringement of Plaintiff's creative works, including but not limited to the Original Designs.

**Response No. 53.**

Roadget incorporates its General Objections. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects that this request is unduly burdensome because it requires Roadget to form a legal conclusion regarding ownership and infringement of a particular design. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 54.**

Provide all documents relating to Your policies and procedures for terminating your relationship with third parties or otherwise sanctioning such parties, including Your suppliers, who have repeatedly supplied You with designs or products that were accused of infringing the intellectual property rights of others.

**Response No. 54.**

Roadget incorporates its General Objections. Roadget further objects that this request is overbroad and unduly burdensome because it seeks "all documents," not representative or sufficient documents. Roadget further objects to this request as overbroad and unduly burdensome because it seeks all documents "relating to" the requested subject matter, which could encompass a potentially limitless scope. Roadget further objects to this request as overbroad and unduly burdensome because it seeks information regarding termination of alleged infringement of

intellectual property that is not at issue in this case, including intellectual property other than copyright. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 55.**

Provide documents, communications, and tangible things sufficient to identify the corporate relationship between You and the other defendants in this lawsuit.

**Response No. 55.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged communications responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 56.**

Provide financial statements, tax returns, and other documents sufficient to identify Your total annual revenues, profits, expenses, and assets for 2018 through present.

**Response No. 56.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome because it seeks documents showing Roadget's "total revenues, annual revenues,

profits, expenses, and assets" and therefore is not limited to financial and sales information related to the alleged infringement. Roadget further objects to this request because it seeks financial information across a time period dating back to 2018, which is overbroad and unduly burdensome given the applicable statute of limitations.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 57.**

Provide documents sufficient to identify computer software systems networks, databases, and other technological or document-sharing platforms or hardware that contain, house, manage, or access any of the documents requested herein.

**Response No. 57.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence. Roadget further objects to this request as overbroad and unduly burdensome because it seeks identification of "all computer systems . . . that contain, house, manage, or access . . . **any of the documents requested herein.**" Because publicly available documents and documents in Plaintiff's possession have been requested herein, this request would require Roadget to produce documents sufficient to identify virtually every computer system in existence. Roadget further objects to this request to the extent it seeks documents not within its possession, custody, or control.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 58.**

Provide all documents, communications, and tangible things that You intend to use to support any motion or affirmative defenses that may be asserted by You in Your responsive pleading in this lawsuit.

**Response No. 58.**

Roadget incorporates its General Objections. Roadget further objects to this request as premature because discovery is ongoing and subsequently discovered information may impact Roadget's response.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 59.**

Provide copies of all insurance agreements that may be applicable to this lawsuit.

**Response No. 59.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: No responsive documents exist. As discovery is ongoing in this matter, Roadget reserves the right to supplement this response.

**Request No. 60.**

Provide copies of all agreements containing indemnification provisions that may be triggered by this lawsuit, or under which You may have indemnification obligations to or from any other defendants or third parties in connection with this lawsuit.

**Response No. 60.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to any claim or defense and not calculated to lead to the

discovery of admissible evidence. Roadget further objects to this request as seeking information

that is subject to confidentiality agreements with third parties and therefore cannot be produced.

      Subject to and without waiving these objections or the General Objections, Roadget

responds as follows: Non-public, non-privileged documents responsive to this request that can be

located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter,

Roadget reserves the right to supplement this response.

### Request No. 61.

Provide documents, communications, and tangible things sufficient to identify all persons that
were either involved in the acts alleged in the First Amended Complaint or who witnessed or have
knowledge of the acts alleged in the First Amended Complaint filed in this lawsuit.

### Response No. 61.

      Roadget incorporates its General Objections. Roadget further objects to this request as

duplicative of Roadget's Initial Disclosures. To the extent this request seeks information beyond

the scope of Fed. R. Civ. P. 26(a)(1)(A)(i) (e.g., identity of persons who possess impeachment

evidence), Roadget objects to this request as overbroad and unduly burdensome because it imposes

a burden that is not authorized by the Federal Rules of Civil Procedure. Roadget further objects to

this request as overbroad and unduly burdensome to the extent it seeks the identity of "all persons"

no matter how *de minimis* or attenuated the person's "involve[ment]." Roadget further objects to

this request to the extent it seeks documents that are protected by the attorney-client privilege or

that evidence or constitute protected litigation work product and are thus undiscoverable. Roadget

further objects to this request to the extent it seeks documents not within its possession, custody,

or control.

      Subject to and without waiving these objections or the General Objections, Roadget

responds as follows: Roadget incorporates its Initial Disclosures. As discovery is ongoing in this

matter, Roadget reserves the right to supplement its response to this request and its Initial Disclosures.

**Request No. 62.**

Provide documents, communications, and tangible things sufficient to identify all custodians of documents you produce in this lawsuit.

**Response No. 62.**

Roadget incorporates its General Objections. Roadget further objects to this request as seeking documents that are not relevant to a claim or defense of any party. Roadget further objects to this request as overbroad and unduly burdensome to the extent the term "all custodians of documents [Roadget] produce[s]" requires Roadget to produce documents sufficient to identify every person that possesses a duplicate copy of a document produced in this lawsuit.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Roadget will not produce documents responsive to this request.

**Request No. 63.**

Provide all documents relating to any and all Affirmative Defenses You have asserted in responsive pleadings in this Action.

**Response No. 63.**

Roadget incorporates its General Objections. Roadget further objects to this request as duplicative of Requests for Production No. 58. Roadget further objects to this request as premature because discovery is ongoing and subsequently discovered information may impact Roadget's response. Roadget further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or that evidence or constitute protected litigation work product and are thus undiscoverable.

Subject to and without waiving these objections or the General Objections, Roadget responds as follows: Non-public, non-privileged documents responsive to this request that can be

located upon a reasonable search, if any, will be produced. As discovery is ongoing in this matter,

Roadget reserves the right to supplement this response.

Dated: June 14, 2024                          MERCHANT & GOULD P.C.

                                              By: */s/ Scott P. Shaw*
                                              Peter A. Gergely (NY Bar #5671458)
                                              pgergely@merchantgould.com
                                              Merchant & Gould P.C.
                                              500 Fifth Avenue, Suite 4100
                                              New York, NY 10110
                                              212.223.6520

                                              Scott P. Shaw (*Pro Hac Vice*)
                                              sshaw@merchantgould.com
                                              Merchant & Gould P.C.
                                              8383 Wilshire Blvd., Ste. 935
                                              Beverly Hills, CA 90211
                                              949.330.0202

                                              Leighton Zhao (*Pro Hac Vice*)
                                              lzhao@merchantgould.com
                                              Merchant & Gould P.C.
                                              150 South Fifth Street, Suite 2200
                                              Minneapolis, MN 55402
                                              612.332.5300

                                              *Attorneys for Defendant*
                                              *Roadget Business Pte. Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served via electronic mail on June 14, 2024.


<u>/s/ Shannon Maney</u>
Shannon Maney