

**KUSHNIRSKY GERBER PLLC**
27 UNION SQUARE WEST, SUITE 301
NEW YORK, NY 10003
kgfirm.com

O: (212) 882-1320
F: (917) 398-1487

November 4, 2024

**Via ECF**

The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Menzel v. Roadget Bus. Pte. Ltd. et al.*, 1:24-cv-860 – Joint Letter Regarding Discovery

Dear Judge Cave,

Plaintiff Christina Menzel ("Plaintiff") and Defendants Roadget Business Pte. Ltd.; Zoetop Business Co., Ltd.; Shein US Services, LLC; Fashion Choice Pte. Ltd.; Shein Distribution Corp.; and Shein Technology LLC (together, the "Defendants") file this joint letter pursuant to the Court's October 1, 2024 Order directing the parties to file a joint letter "concerning their progress and any discovery issues . . . ripe for the Court's attention." ECF No. 74 at 2.

Plaintiff's Position

Plaintiff has been trying to obtain the documents she needs to support her claims against Defendants since August, when Plaintiff first sought the Court's assistance regarding Defendants' discovery deficiencies. *See* ECF No. 60. Now, three months later, Defendants continue to withhold critical, relevant documents in clear violation of the Court's October 1, 2024 order as well as the Federal Rules of Civil Procedure.

Defendants' Violation of the Court's October 1, 2024 Discovery Order

At the October 1, 2024 conference, the Court ordered that:

> By November 1, 2024, Defendants shall complete the review and production of documents discussed during the Conference concerning: (i) the 107 products for which no documents have been produced; (ii) communications, both with Plaintiff and internal, concerning Plaintiff's infringement allegations; (iii) an organizational chart showing the corporate relationships between Defendants; (iv) archived versions of Defendants' terms and conditions; (v) the results of Defendants' product review process; and (vi) corrected transactional data.

ECF No. 74. The Court ordered Defendants to produce this "for now," with the idea that Defendants should produce these basic, relevant documents and "if [Mr. Gerber] still thinks there's

1

something that he needs, then we'll talk about it next time . . . ." Transcript of October 1, 2024 Conference [ECF No. 77] at 30. Defendants have failed to produce these basic documents, in addition to many other crucial documents that Plaintiff still needs to establish her claims.

First, and most troubling is Defendants' failure to produce the corrected transaction data (Section (vi) from the Court Order). Plaintiff has reason to believe that the transaction data that Defendants have produced to date represents less than a third of the total sales of the alleged infringing products. Defendants have a fundamental obligation to produce complete and accurate transaction data but have not done so for over six months.

Regarding Section (i), Defendants <u>did not</u> produce <u>any</u> documents showing how the remaining 107 products were created, designed, or sourced, including what software was used to create these designs or who was involved in creating them. These are documents that clearly exist, but that Defendants have continually failed to produce.[1] Regarding Section (ii), Defendants did not produce <u>any</u> internal communications concerning Plaintiff's infringement allegations, nor have they produced a privilege log to the extent that they are asserting privilege over any such communications. These communications clearly exist and yet Defendants continue to withhold them. Plaintiff has no idea what happened each time Plaintiff notified Defendants that they were selling infringing products both prior to and during this lawsuit. Plaintiff will seek an adverse inference against Defendants in connection with these missing communications.

Regarding Section (iii), Defendants <u>did not</u> produce an organizational chart showing the corporate relationships between Defendants. Regarding Section (iv), Defendants produced <u>one</u> set of archived terms and conditions for shein.com, but there were multiple changes in the terms and conditions of the shein.com website from December 2021 to the present that Defendants have not produced. Defendants have also not produced <u>any</u> archived terms and conditions for the romwe.com and emmacloth.com websites. Lastly, regarding Section (v), Defendants have not produced the results of Defendants' product review process for at least 21 infringing products.

Defendants' failure to comply with the Court's clear and limited discovery order constitutes sanctionable conduct under Federal Rule of Civil Procedure 37.[2]

<u>Additional Written Discovery Issues Ripe for the Court's Attention</u>

In addition to the above violations, Defendants have also refused to produce many other critical, relevant documents. These issues are now ripe for the Court's review. Specifically, Defendants refuse to produce (1) any documents regarding their display and offering for sale of the alleged infringing products globally, including the location of the servers on which the infringing products photos are stored (RFP Nos. 26-32); (2) documents showing the corporate

---

[1] For the 31 products for which Defendants had previously produced *some* documents, at the October 1, 2024 conference Defendants agreed to re-produce them with higher image resolution because they were illegible as initially produced. However, Defendants failed to re-produce these in their November 1, 2024 production.

[2] In Defendants' initial production, Defendants produced hundreds of documents that failed to include the SKU number of the product to which they correspond. Defendants represented that they would provide Plaintiff with a spreadsheet showing which SKU number corresponds to each of these documents. Defendants have not produced this spreadsheet, which has hindered Plaintiff's review of the documents.

relationship between and the conduct of each of the Defendants (RFP No. 55); and (3) the materials used during Defendants' product review and screening processes, including the infringing element library (RFP No. 40). These documents are directly relevant to Plaintiff's claims, and she is entitled to this discovery to prove her claims.

### Depositions

On October 28, 2024, Plaintiff served amended notices of depositions on Defendants. As ordered by the Court, the Parties met and conferred on October 31, 2024 to discuss scheduling depositions, but it was clear Defendants had no intention of actually doing so. Defendants' counsel did not even know whether the witnesses were still employees of Defendants, let alone dates that they are available to be deposed. Defendants' counsel only had information regarding one witness, Tim Wei, who is also the Fed. R. Civ. P. 30(b)(6) designee for all of the Defendants. Plaintiff will be moving forward with Mr. Wei's 30(b)(6) and individual depositions during the first two weeks of December. Plaintiff also issued a subpoena for the deposition of Jeffrey Yee, a former employee of Defendant SDC. His deposition is currently noticed for November 25, 2024.

Defendants' counsel has represented to the Court numerous times that certain documents that Plaintiff has requested would be better obtained via depositions. Defendants cannot now stymie Plaintiff's efforts to depose those witnesses. Plaintiff acknowledges that it may not be feasible for all of the noticed depositions to take place by the end of the year, but Defendants cannot refuse to schedule these witnesses' depositions at all. Plaintiff is available to sit for her deposition during the first two weeks of December and is waiting for Defendants' counsel to confirm which date they would like to take her deposition.

Plaintiff cannot engage in productive, good-faith settlement discussions until Defendants produce the written discovery discussed herein and until Plaintiff conducts depositions of Defendants' witnesses to confirm the veracity and completeness of the documents produced, as well as the scope of Defendants' infringing conduct.

**Defendants' Position**

### Defendants Complied with the October 1 Order

Defendants have substantially complied with the Court's discovery order. Sanctions are not appropriate. Regarding Section (i), Defendants produced at SHEIN0002537 and SHEIN0002542 two contracts with a third-party design company, along with documents Defendants have retained from their interactions with the third party. Defendants have conducted a reasonable search but have not located any other responsive documents.

Regarding Section (ii), Defendants have produced their communications with Plaintiff. Defendants have conducted a reasonable search but have not located any responsive internal communications arising from infringement communications before the filing of this action. Furthermore, Plaintiff communicated with SHEIN's legal counsel regarding her past claims of infringement – any internal communications regarding those conversations would necessarily be privileged and non-discoverable.

3

Regarding Section (iii), Plaintiff produced at SHEIN0002071 an organizational chart showing the corporate relationships between the United States defendants and Roadget. This is the organizational chart that was discussed during the hearing and subject to the order. Defendants have further produced corporate documents that directly show the ownership structure of the foreign defendants, such as the Fashion Choice Constitution at SHEIN0002355. Regarding Section (iv), Defendants have produced the current and archived terms and conditions that they believe to be sufficient to ascertain Defendants' conduct with respect to the associated websites. To the extent Plaintiff believes that other archived versions of the terms and conditions are relevant, they are as publicly accessible to Plaintiff as they are to Defendants. Plaintiff appears to already be aware of the changes in the terms and conditions that she believes to be relevant, so she presumably has already identified the versions she would like to produce. Regarding Section (v), Defendants have produced all internal records regarding the results of their product review process for the accused products. These records do not exist for certain products.

There is nothing further to produce. Regarding Section (vi), Defendants have produced at SHEIN0002522 their "corrected" transaction data. Defendants are mystified that Plaintiff finds Defendants' compliance to be "troubling."

Additional Written Discovery Issues

First, Defendants have produced their global transaction and purchase order records. They have further produced the URLs for their product photographs, from which the server location can be publicly determined. Because Defendants' data storage is handled by a third party, the server locations where specific documents and information are stored is not known to Defendants other than through the same type of public search.

Second, Defendants have produced documents related to their corporate relationships and conduct, some of which have been described in this very letter. Furthermore, the same request from the same Plaintiff's counsel was recently denied in *Fitzpatrick v. Roadget Business Pte. Ltd.*, No. 1:23-cv-10592, Dkt. 58 (S.D.N.Y., order filed Oct. 22, 2024).

Third, Defendants have previously explained to Plaintiff's counsel that the documents related to the infringing element library are privileged and/or work product. Defendants made the same privilege assertion in *Fitzpatrick*, Dkt. 58, and the same request from Plaintiff's counsel was denied.

Depositions

Plaintiff has a pending motion to amend that includes substantively new allegations, including additional accused products and additional defendants. Preparing for and conducting depositions while the motion to amend is pending or shortly after it is granted is impractical and burdensome for Defendants, because the outcome of the motion to amend would materially affect the scope of the depositions. This is especially burdensome for current defendants' 30(b)(6) witness, who would likely also be the 30(b)(6) designee for one of the pending defendants but would be sitting for his deposition before the joined defendants even made an appearance.

Furthermore, despite refusing to consolidate the 30(b)(6) depositions for the common issues among the actions filed against Defendants, Plaintiff's counsel has double-booked depositions on December 3rd and December 4th. Tim Wei is currently noticed to sit for an individual deposition in this action on December 3rd, an individual deposition in *Atelier Eumori v. Roadget*, No. 1:24-cv-03531 (S.D.N.Y.) also on December 3rd, a 30(b)(6) deposition on behalf of three of the six defendants currently in this case on December 4th, and a 30(b)(6) deposition for all five defendants in *Atelier Eumori* also on December 4th.

<u>Settlement</u>

Settlement discussions should proceed before discovery is complete. Indeed, cases are often settled before any discovery has occurred at all. Plaintiff's counsel has recently settled two cases with Defendants without completing discovery. *See Keller v. Roadget Business Pte. Ltd.*, No. 1:23-cv-10717, Dkt. 86 (notice of settlement filed Sept. 24, 2024); *Wildflower + Co., Inc. v. Roadget Business Pte. Ltd.*, No. 1:23-cv-10415, Dkt. 52 (joint letter regarding outcome of mediation filed Oct. 18, 2024). Likewise, *Fitzpatrick* has been referred for settlement, and in *Atelier Eumori* Plaintiff has been ordered to show cause why the case should not be referred for settlement. *Fitzpatrick*, Dkt. 63; *Eumori*, Dkt. 33. By separate letter request, Defendants will explain the basis for why the Court should conduct a settlement conference prior to December 31st before any depositions proceed.

Respectfully submitted,

Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Christina Menzel*

Scott P. Shaw
MERCHANT & GOULD P.C.
8383 Wilshire Blvd., Ste. 935
Beverly Hills, CA 90211
(949) 330-0202
SShaw@Merchantgould.com
*Attorney for Defendants*