

**KUSHNIRSKY GERBER PLLC**
27 UNION SQUARE WEST, SUITE 301
NEW YORK, NY 10003
kgfirm.com

O:  (212) 882-1320
F:  (917) 398-1487

> Plaintiff's request at ECF No. 91 is **DENIED**. The Court discussed and decided this issue with the parties during the November 7, 2024 telephone conference. The parties shall comply with the post-conference Order. (See ECF No. 90).
>
> The Clerk of Court is respectfully directed to close ECF No. 91.
>
> SO ORDERED.    November 12, 2024
>
> */s/ Sarah L. Cave*
> SARAH L. CAVE
> United States Magistrate Judge

November 8, 2024

**Via ECF**

The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Menzel v. Roadget Bus. Pte. Ltd. et al.*, 1:24-cv-860 – Plaintiff's Letter-Motion Requesting Adjournment of Settlement Conference

Dear Judge Cave,

Plaintiff Christina Menzel ("Plaintiff") files this letter-motion requesting an adjournment of the settlement conference until after the current February 14, 2024 fact discovery deadline in light of both parties' limited availability to take depositions in January and in light of the pending motion for leave to file a second amended complaint.

In the Court's November 7, 2024 post-conference order, the Court ordered the parties to "conduct depositions for a single Rule 30(b)(6) witness and two fact witnesses prior to the anticipated settlement conference in this action, which the Court will schedule by separate order." ECF No. 90 ¶ 4. The Court suggested January 29, 2025 and January 30, 2025 as potential dates for the settlement conference.

On November 8, 2024, the parties met and conferred to discuss scheduling depositions for January. Plaintiff's counsel has limited availability the *first* two full weeks of January. Plaintiff's counsel suggested that the parties schedule one deposition for this period and then schedule the other two depositions in the second half of January. Defendants refused to accept this compromise and represented that they are completely unavailable to be deposed the *last* two full weeks in January due to the Chinese holiday. That leaves the parties unable to complete the depositions before the two dates for the settlement conference that the Court proposed, as ordered.

Additionally, Plaintiff filed a motion for leave to file a second amended complaint, which is pending before the Court. ECF Nos. 80-82. The proposed second amended complaint adds two new defendants to the case. Based on when that motion is decided, if the proposed defendants waive service, the new defendants <u>and</u> the existing Defendants will have 60 days to file answers to the second amended complaint, which will likely be in mid-January. After initially stating that they would consent to Plaintiff filing the second amended complaint, Defendants changed their position and refused, resulting in Plaintiff having to file the motion. Yet at the conference

yesterday, Defendants stated that they were not going to file an opposition to the motion. This vexatious conduct has led to significant delays here.

      Based on the allegations in Plaintiff's proposed second amended complaint that Defendants sold additional products while this lawsuit was pending, Defendants will need to produce additional transaction data and other documents regarding their sale of these additional products. Plaintiff will also need to serve discovery requests on the new proposed defendants to understand, at a minimum, the conduct of these proposed defendants and their relationship to the existing Defendants.

      For these various reasons, Plaintiff will not be in a position to engage in a settlement conference in good faith by the end of January and requests that the Court adjourn the settlement conference until after the current fact discovery deadline. Plaintiff is dutifully moving this case along, despite Defendants' delays and obstructions. Defendants continue to try and push Plaintiff into a settlement conference before she has the information she needs to engage in these discussions and make a fully informed decision. These improper attempts have been recently rejected by Courts in two pending parallel cases and Plaintiff respectfully requests that the Court not hold a settlement conference until all parties are ready to do so.

      Respectfully submitted,

Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Christina Menzel*