

**Scott P. Shaw**
949-330-0202
sshaw@merchantgould.com

February 14, 2025

*VIA ECF*

The Honorable Sarah Cave
Daniel Patrick Moynihan
United States Courthouse, Courtroom 18A
500 Pearl St.
New York, NY 10007-1312

Re:   *Christina Menzel v. Roadget Business PTE. Ltd. et. al.,* Case No. 24-cv-860
       Letter Motion Requesting an Order Compelling an In Person Deposition.

Dear Judge Cave:

Pursuant to this Court's Individual Rules of Practices, Defendants' counsel represents the following: (1) the parties' conferred on February 14, 2025 (2) the conference lasted 3 minutes; (3) Mr. Gerber and Ms. Sorentino participated in the conference with Scott Shaw for Defendants; (4) Plaintiff's counsel disputes all Defendants' positions below; and (5) the parties agree they are at an impasse and Defendants are requesting a conference with the Court. Defendants noticed Plaintiff's deposition for February 28, 2025, in New York. (*See* Ex. A). Plaintiff objects on the grounds that she has a peanut allergy and traveling on an airplane is dangerous. However, airlines will accommodate passengers with peanut allergies, and she can bring epinephrine auto-injectors with her in the event of an allergic reaction. Also, Plaintiff presumably is prepared to travel to New York for trial in this lawsuit, so the Court should compel her to testify here in a deposition. Alternatively, if the Court accepts Plaintiff's peanut allergy as a hardship, then Defendants will proceed to fly to Germany to conduct Plaintiff's deposition in person.

**The Deposing Party is Entitled to Choose Whether to Conduct the Deposition In Person or Virtually, but the Final Decision is Rested in the Court's Discretion.** "In general, 'the party noticing the deposition usually has the right to choose the location.'" *See Stapleton v. Prince Carpentry, Inc.*, 2023 U.S. Dist. LEXIS 19890, at *1 (E.D.N.Y Feb. 6, 2023) (quoting Buzzeo v. Bd. Of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998)); *see also* Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20[1][b][ii] (same). A plaintiff resisting deposition or seeking a protective order bears the burden of showing good cause. *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-cv-2000-CSH, 2019 U.S. Dist. LEXIS 80070, at *8 (D. Conn. May 13, 2019) (citation omitted). To determine whether that burden has been met, the Court must consider "cost, convenience, and litigation efficiency," balancing the expected prejudice and hardship to the interested parties. *Buzzeo v. Bd. of Educ.,*

February 14, 2025
Page 2

*Hempstead*, 178 F.R.D. 390, 393 (E.D.N.Y. 1998) ("[A]n analysis of cost, convenience and litigation efficiency [] is the appropriate standard under which to evaluate the motion."); *Normande v. Grippo*, No. 01-cv-7441-JSR-THK, 2002 U.S. Dist. LEXIS 501, *4 (S.D.N.Y. Jan. 16, 2002) ("[C]ourts must strive to achieve a balance between claims of prejudice and those of hardship.").

Ultimately, "the Court in its discretion has the authority to designate the location of depositions." *Stapleton*, 2023 U.S. Dist. LEXIS 19890, at *1 (citing *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, No. CV 14-5175, 2016 U.S. Dist. LEXIS 112703, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016)); *R.P. Family, Inc. v. Commonwealth Land Title Ins. Co.*, Nos. 10 CV 1149, 10 CV 1727, 2011 U.S. Dist. LEXIS 137334, 2011 WL 6020154, at *1 (E.D.N.Y. Nov. 30, 2011); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985). Under Rule 26(c), the Court is vested with the authority to determine how and where a deposition should take place. *See Sugarhill*, 105 F.R.D. at 171. "The same is true for determining whether the deposition should be in person or remote." *Stapleton*, 2023 U.S. Dist. LEXIS 19890, at *2. Whether to compel a deposition to proceed in person as noticed is a matter of the Court's discretion. *Id.*

**The Importance of Assessing Witness Credibility Favors Compelling an In Person Deposition.** Assessing credibility of Plaintiff as a witness is easier to do at an in-person deposition than it is to do remotely. In a remote deposition, there is no guarantee that a witness will not be accompanied by unidentified individuals in the room or referencing materials that have not been produced in the action. In person depositions alleviate these risks. In *Dubuc v. Cox Communs. Kan., L.L.C.*, No. 21-2041-EFM, 2021 U.S. Dist. LEXIS 168262 (D. Kan. Sep. 5, 2021), the plaintiff sought a protective order requiring that her deposition be conducted virtually due to concerns around contracting COVID-19. In recognizing the benefits of in person depositions compared to remote depositions, the Court granted the motion to compel the deposition to proceed in person. *Id.* at *6. Similarly, Defendants should not be denied the opportunity to depose Plaintiff in person.

**The Court Should Compel the Deposition to Proceed In-Person Due to Lack of Hardship to Plaintiff.** The Court should compel the Plaintiff's deposition to proceed in person, as noticed, because the Plaintiff has not demonstrated any hardship resultant from attending an in-person deposition. In filing the instant lawsuit, Plaintiff voluntarily availed herself of this forum and created substantial ties with New York, whether or not they were previously present. In any case, Plaintiff does not articulate any unique or compelling reason why she could not attend a deposition in New York. *See Stapleton*, 2023 U.S. Dist. LEXIS 19890, at *3-4 (granting motion to compel in person deposition because the Plaintiff's application to have the deposition conducted remotely was not supported by evidence of the necessity to do so). Plaintiff's peanut allergy does not create a reason for her not to travel to the forum where she filed a lawsuit. She can contact the airline to request accommodations and carry epinephrine auto-injectors with her in the event of an allergic reaction.

February 14, 2025
Page 3

**Conclusion.** Defendants respectfully seek an order compelling Plaintiff to appear in person in New York at Defendants' counsel's office, or, alternatively, in Germany where she resides.

Respectfully submitted,

Scott P. Shaw
*Attorney for Defendants*