

**KUSHNIRSKY GERBER PLLC**
27 UNION SQUARE WEST, SUITE 301
NEW YORK, NY 10003
kgfirm.com

O:  (212) 882-1320
F:  (917) 398-1487

March 27, 2025

The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Menzel v. Roadget Business Pte. Ltd. et al.*, Case No. 1:24-cv-860 – Letter Opposing Defendants' Assertion of Privilege Over In-House Design Team Guidelines

Dear Judge Cave,

  Pursuant to this Court's March 24, 2025 Order [ECF No. 151], Plaintiff Christina Menzel files this response to the letter filed by Defendants Roadget Business Pte. Ltd.; Zoetop Business Co., Ltd., Shein Distribution Corporation; Shein US Services, LLC; Shein Technology LLC; Guangzhou Shein International Import & Export Limited; and Fashion Choice Pte. Ltd. (together, the "Shein Defendants") regarding their assertion of privilege over a guidance document used by their in-house design team (the "Document"). *See* ECF No. 150.

  The Shein Defendants have admitted in response to Plaintiff's Interrogatories that their in-house design team designed at least seven allegedly infringing designs that were featured on dozens of the infringing products at issue in the case. Yet the Shein Defendants have produced no documents regarding how the design team operates. Now, almost a year into discovery, the Shein Defendants have identified <u>one</u> single document that is apparently responsive to Plaintiff's discovery requests but refuse to produce it based on unsupported claims of privilege. The Shein Defendants have not met their burden that the Document is protected by attorney-client or work product privilege and the Court should order the Shein Defendants to produce the Document.

  "The attorney client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) (citing *United States v. Const. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). Critically, this privilege does not apply to the Document because it was not drafted by attorneys. Instead, Defendants represent in their letter to the Court that the Document "was drafted *based on* legal advice and guidance from Defendants' in-house counsel[.]" ECF No. 150 at 1 (emphasis added). Defendants do not identify the actual individuals who drafted the Document, their titles, and whether they are non-legal personnel, such as members of the in-house design team. Thus, the Document is a not a communication "between client and counsel," making Defendants unable to even establish the first prong of the standard.

  Similarly, Defendants are unable to establish the third prong of the standard: that the

Document was "made for the purpose of obtaining or providing legal assistance." Defendants represent that the Document contains, among other things, "recommended methods for designing products." ECF No. 150 at 2. Designing products is a quintessential business function of an apparel business such as the Shein Defendants' business. It is expected that a company would provide guidance and standards to its design team regarding acceptable design processes. Defendants cannot overbroadly claim privilege over a document that relates to such ordinary, non-legal business operations.[1]

Defendants have also failed to meet their burden that the Document is protected work product because they have not demonstrated that the Document was prepared in anticipation of or *because of* litigation. "The mere 'possibility of litigation is insufficient to' obtain work-product protection." *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010) (quoting *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, 2007 WL 473726, at *5 (S.D.N.Y. Feb. 14, 2007)). Instead, "documents prepared in the ordinary course of business, or that otherwise would have been prepared absent the prospect of litigation, do not receive work product protection." *Id.* Defendants' vague assertions that the Document contains "factual materials from previous infringement allegations . . ., some of which were anticipated to be litigated" does not satisfy this standard. Even if the Court finds that the Document contains some work product, Plaintiff's substantial need for the Document outweighs any qualified privilege the Document may have, due to the Document's relevance to Plaintiff's willfulness claims and Defendants' deficient production regarding this topic thus far. *Gucci*, 217 F.R.D. at 74 (defining a substantial need as whether the information sought is "'crucial' to the determination of whether the defendant could be held liable for the acts alleged" or "carries great probative value on contested issues"). For these reasons, the Court should compel production of the Document.

Respectfully,

Vanessa Sorrentino

Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Christina Menzel*

---

[1] "When analyzing communication that contains both legal and non-legal elements, the test is 'whether the predominant purpose of the communication is to render or solicit legal advice.'" *Durling v. Papa John's Int'l., Inc.*, 2018 WL 557915, at *3 (S.D.N.Y. Jan. 24, 2018) (citing *Cnty. of Erie*, 473 F.3d at 420). "[W]hen the legal advice is 'incidental to the nonlegal advice that is the predominant purpose of the communication,' redaction may be appropriate to preserve the privileged information." *See Pearlstein v. BlackBerry Ltd.*, 2019 WL 528793, at *2 (S.D.N.Y. Oct. 3, 2019) (quoting *Fox News Network, LLC v. U.S. Dep't of Treasury*, 911 F. Supp. 2d 261, 271 (S.D.N.Y. 2012)). Thus, to the extent the Court finds that the Document does contain any actual legal advice, Plaintiff requests that the Court order production of the Document with any such advice redacted.