

**KUSHNIRSKY GERBER PLLC**
27 UNION SQUARE WEST, SUITE 301
NEW YORK, NY 10003
kgfirm.com

O: (212) 882-1320
F: (917) 398-1487

April 11, 2025

The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Menzel v. Roadget Business Pte. Ltd. et al.*, Case No. 1:24-cv-860 – Letter-Motion to Compel 30(b)(6) Testimony and Production of Documents; Request for Reimbursement of Fees and Costs

Dear Judge Cave,

      Plaintiff Christina Menzel files this letter-motion pursuant to Federal Rule of Civil Procedure 37(a) to request that the Court compel the continued deposition of Defendants'[1] 30(b)(6) witness, Mr. Tim Wei, prior to the April 30, 2025 settlement conference regarding (1) various topics about which he was unprepared to testify at the March 25, 2025 deposition and (2) the design team guidelines document (the "Design Team Document") that this Court compelled Defendants to produce in its April 9, 2025 Order [*see* ECF No. 154]. Additionally, Plaintiff requests that the Court compel Defendants' production of documents referenced during the deposition that Defendants have yet to produce. Lastly, Plaintiff requests that the Court award Plaintiff all fees incurred in connection with this letter-motion and all fees and costs associated with the continued deposition of Defendants' 30(b)(6) witness pursuant to Federal Rule of Civil Procedure 37(a)(5).

      On April 11, 2025 at 1:00 pm, counsel for Plaintiff (Andrew Gerber and Vanessa Sorrentino) and counsel for Defendants (Scott Shaw and Leighton Zhao) conferred for approximately ten minutes, during which Defendants refused to produce Mr. Wei for his continued deposition, refused to produce the requested documents, and failed to suggest any alternative for producing the relevant, outstanding discovery. Plaintiff informed Defendants during the conference that the parties reached an impasse, and that Plaintiff would be requesting relief from the Court.

      At the March 25, 2025 30(b)(6) deposition, Mr. Wei was unprepared to testify about Defendants' sale of the alleged infringing products.[2] Although Defendants produced the sales data

---

[1] Plaintiff uses the term "Defendants" to refer to all Defendants except Shenhe International Holding Group Co., Ltd. ("Shenhe").

[2] This corresponds to Topic # 9 enumerated in Plaintiff's Third Amended Rule 30(b)(6) Notice to Take Remote Deposition: "Defendants' sale of the Allegedly Infringing Products on the [Shein, Romwe, and Emmacloth] Websites and Mobile Apps and Amazon."

1

at issue in November 2024—four months prior to the deposition—Mr. Wei testified that various transactions are ▮▮▮▮▮▮▮▮▮▮ and that he has ▮▮▮▮▮▮▮▮▮▮ of those transactions. See Exhibit A at 10. Mr. Wei testified that once Defendants ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Id. at 12. The transactions about which Mr. Wei was unprepared to testify are included in Exhibit B. Defendants provided no additional information or documents regarding these transactions to Plaintiff following the deposition. In fact, Defendants' counsel represented at the April 11, 2025 meet and confer that continuing the 30(b)(6) deposition would be pointless because Defendants have no additional information. Defendants made no other suggestion to remedy their failure to produce relevant information, thus necessitating this letter-motion. This conduct clearly violates Federal Rules of Civil Procedure 26 and 30.

Mr. Wei's inability and unpreparedness to answer basic questions about Defendants' sales data appears to be part of a larger ploy by Defendants to obfuscate the true extent of their sale of the alleged infringing products—specifically via Amazon. Plaintiff served interrogatories in October 2024 requesting Defendants identify which of the alleged infringing products were sold on Amazon. Defendants identified six SKUs in their December 4, 2024 responses.[3] These six SKUs each corresponded to certain notations in the columns titled "site_tp" and "site_id" on Defendants' sales data spreadsheet. See Exhibit B. Defendants also stated in these interrogatory responses that Shenhe was involved in the sale of these products on Amazon.

Three months after initially serving these responses, and mere hours before the deposition on March 25, 2025, Defendants served amended responses to Plaintiff's interrogatories claiming that only 2 SKUs[4] "may have been sold" on Amazon and withdrawing any reference to Shenhe's involvement. This was inconsistent with the fact that all six SKUs identified in their initial interrogatory responses contained similar notations in the sales data spreadsheet. Additionally, on March 11, 2025, Plaintiff discovered a product featuring the infringing "satin rose" design at issue (for which Defendants own a U.S. Copyright registration) being sold on the WDIRARA Amazon storefront. See Exhibit C. The "item model number" for this product contains the same SKU number as one of the products that Defendants identified as having been sold on Amazon: sw2207063272035348. Yet, no Amazon transactions for this SKU after June 2023 were included in the sales data that Defendants have produced. Additionally, Shenhe owns various U.S. Trademark Registrations for the "WDIRARA" mark. See Exhibit D. Thus, Plaintiff has reason to believe that Defendants and Shenhe are involved in the sale of this infringing product and other products on Amazon, and that Defendants have not produced complete transaction records for these products.

Plaintiff was prepared to question Mr. Wei about all of these issues at the 30(b)(6) deposition but was unable to do so due to Mr. Wei's unpreparedness. Defendants' failure to understand their own sales data raises serious concerns about the completeness and veracity of that data. Without the complete transaction data for the alleged infringing products, neither Plaintiff nor the Court can assess Plaintiff's damages in this case. Additionally, without full information regarding Defendants' involvement in the sale of the alleged infringing products on Amazon,

---

[3] These SKUs include sf2202219298111213, sw2207063272035348, sf2206117166191644, sw2207188838812892, sm2204184052812596, sm2301040170965866.

[4] These SKUs include sf2202219298111213 and sm2204184052812596.

Plaintiff cannot be certain that additional sales did not take place, that additional entities are not involved, and that additional infringing products will not continue to be sold.

For these reasons, Plaintiff requests that the Court compel the continuation of Mr. Wei's deposition regarding (1) the transactions included in Exhibit B; (2) Defendants' sale of goods on Amazon; (3) Defendants' relationship with Shenhe, including but not limited to the sale of goods on Amazon; and (4) the Design Team Document.[5] Plaintiff requests that the Court compel this continued deposition before the April 30, 2025 settlement conference so that damages can be properly assessed. Plaintiff also requests that the Court compel Defendants' production of documents regarding their sale of goods on Amazon, including any contracts or agreements with third parties, as well as Defendants' collaboration agreements with Shenhe, by April 16, 2025 – the current fact discovery deadline.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff requests her "reasonable expenses incurred in making th[is] motion, including attorney's fees" and requests that Defendants pay Plaintiff's fees and costs incurred during the continued deposition of Mr. Wei as a sanction for their failure to properly prepare their witness prior to the deposition. *See Wager v. G4S Secure Integration, LLC*, 2021 WL 5304321 (S.D.N.Y. Nov. 15, 2021).

Respectfully submitted,

*Vanessa Sorrentino*

Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Christina Menzel*

---

[5] At the March 25, 2025 30(b)(6) deposition, Defendants' counsel instructed Mr. Wei not to answer numerous questions related to the Design Team Document on privilege grounds. Now that the Court has determined that this document is not privileged, Plaintiff is entitled to fully question Mr. Wei about this document.